RustiN, Judge,
 

 delivered the opinion of the Court:
 

 Upon the last point, it is clear that the Court informed the jury correctly. What may be the effect of such a contract in equity, upon the particular devisee of the land sold is another question. The devisee mayor may not be a trustee for the purchaser, according to circumstances'
 
 ‘,
 
 and the price of the land may or may not be a part of the testator’s personal estate for the benefit of bis residuary legatee or next of kin, also according to circumstances : But we have nothing to do with either of those questions now. The point in dispute is, whether there be a revocation of the will at law ? and that there is not, is proved by many authorities,
 
 (a)
 
 Even if the lands had been actually conveyed, the will would not have been thereby
 
 revoked,
 
 properly speaking, so as to prevent its probate; the only effect would be, an ademption of the devise of the particular lands conveyed.
 

 Upon the point of evidence, however, the court are of' opinion the Judge erred, in
 
 refusing to
 
 admit the declarations of the Executors and devisees. The issue of
 
 devi~ savit vel non
 
 is in the nature of a suit, and the executors and devisees are regularly parties to it. Their declarations ought to be received in evidence against themselves. We cannot see a legal ground to reject them. We cannot in a court of law, look to the interests of third persons not before us : we cannot here know the executor as a trustee
 
 ;
 
 all w'e can know, is that be is before us as a party to the suit. The rule is universal, that whatsoever a party says or does, shall be evidence against him, to be left to the jury. It is competent evidence ; the jury
 
 *319
 
 Can and will give it its weight, according to the manner of obtaining the confession, or the relative interest of him, whose admissions are proved. A solitary exception to this rule cannot well be imagined. The rule for a new trial must therefore be made absolute.
 

 (a)
 

 Ryder
 
 vs.
 
 Wager, 2 P. Wms.332. Cotton
 
 vs
 
 Sayer, ibid.623.