## GRAY v. WILLIAMS.

(Filed March 4, 1902.)

1. WILLS—*Election.*

A donee can not be put to an election under a will, unless his property, professed to be conveyed by the will, is described in the instrument itself with such sufficient and legal certainty as to enable him to know the property.

2. MORTGAGES—*Equity of Redemption—Limitations of Actions—The Code, Sec. 152, Subsec. 4.*

When a mortgagee has been in possession more than thirty years since the execution of the mortgage, the right of redemption is barred.

FURCHES, C. J., and DOUGLAS, J., dissenting.

ACTION by John and Margaret Gray against Beulah Williams and others, heard by Judge *George H. Brown* and a jury, at September Term, 1901, of the Superior Court of CAMDEN County. From a verdict for the plaintiffs, the defendants appealed.

GRAY *v.* WILLIAMS.

*G. W. Ward,* for the plaintiffs.
*J. H. Sawyer,* and *E. F. Aydlett,* for the defendants.

MONTGOMERY, J. The plaintiffs in this action seek to have determined, under the authority of Chapter 6 of the Acts of 1893, an adverse claim to their lands set up by the defendants. It is admitted by the defendants that up to the time of the death of her first husband, L. B. Sanderlin, the plaintiff Margaret Gray owned the land in fee simple. Sanderlin died in 1890, leaving a last will and testament, under which the defendants Beulah Williams and Nevada Burgess claim a remainder in fee to the land after the life estate of Mrs. Gray, the basis of the claim being the alleged election on Mrs. Gray's part to take a life estate in her own property that she might receive property of the testator also, bequeathed to her in the will. The clause of the will material for the present discussion is the first, and reads as follows: "I give and bequeath to my beloved wife Margaret, and two youngest daughters, Ida and Nevada, she, Margaret, having possession of it during her natural life, then equally divided between the two; but in the event that either one or both die without an heir before or after the decease of my beloved wife, then their share or shares shall be equally divided among my other heirs. But in case of the death of wife, the farm is to remain undivided until they are both free. I also give to my wife Margaret all of my household and kitchen furniture, consisting of stocks of all kinds, notes and money if any, nevertheless my just debts and burial expenses are to come out of this."

It will be observed that the testator, after writing the words "I give and bequeath to my beloved wife Margaret, and two youngest daughters, Ida and Nevada," fails and neglects to mention any property of any kind which he might have intended to give to his wife and daughters. And while it may

be that from other sections of the will and the oral testimony to the effect that the testator had devised to others all of his own property, the land described in the complaint might pass under the first clause, if the property had been the property of the testator; yet that is not the question for decision.

The contention of the defendants is that when the plaintiffs had presented to her by the will the alternative either to take her own property reduced to a life estate, together with the legacies bequeathed to her in the same instrument, or to refuse the legacy and thereby prevent the contemplated disposition of her own property by the testator, she elected, chose, to take under the will, and that having received the legacies she, in law, was bound to take the land under the restrictions of the will.

It is true that a donee can not reject and accept under the same instrument, and that the intention of the donor is that the donee shall give full effect to the terms of the instrument of gift by relinquishing all claims which are inconsistent therewith. But it is also true that there are certain rules of law which must be observed before the principles of election can be made to apply to the particulars of given cases. One of these rules of law is, and must be, that before a donee can be put to an election, his own property which is professed to be conveyed must be, as to its identification, described in the instrument itself with sufficient and legal certainty as that the donee may know his own property from that description. If the rule were otherwise, and parol testimony permitted to ascertain and describe the property of the donee, it would be unsafe to take benefits under instruments of gift, especially under wills.

In the case before us, it would be impossible to show that the tract of land described in the complaint was the one attempted to be devised in the will without the aid of parol evidence. Does the rule apply to a widow when she is donee?

The rule must be universal. There is no presumption against a donee because she may be the widow. But, on the other hand, there "is a *prima facie* presumption, always, that a testator means only to dispose of what is his own and what he has a right to give." The testator, in undertaking in his will to put his wife to an election, took the risk of doing an injustice to his two youngest daughters, if the will in that respect should turn out to be inoperative, and injustice has come to them on that account. We notice, at the conclusion of the will, under the head of "A Special Request," a direction that "No legal council shall be called on; but should difference arise, let it be adjusted by disinterested parties chosen on both sides," and in that connection it may not be amiss for us to say that if the testator had, when he made the will, secured the services of some one versed in the law, the difficulties which have arisen over the script since his death might have been prevented.

But the defendants set up another claim to the land. It appears that in 1867, the plaintiff Margaret and her former husband executed a deed to the tract of land to the defendant S. G. Squires, Squires and his wife at the same time executing a deed of mortgage to the grantors, to secure the purchase-money—the mortgage having been duly registered. On the 25th of January, 1900, Squires and his wife conveyed to the other defendants in this action, by release and quit-claim, all such right and title as they had, or ought to have, in the tract of land, subject to the life estate of the plaintiff Maragaret. It appears, however, that Squires has never been in possession of a foot of the land, that he has never paid one cent on the notes secured by the mortgage, and that more than thirty years before the commencement of this suit, he made a verbal agreement with Sanderlin that the land should be taken back, and the notes for the purchase-money and the mortgage securing them surrendered—all of which was done. The

plaintiff Maragaret has been in the actual possession of the land for more than forty years.

The defendants Beulah Williams and Nevada Burgess took nothing under the deed from Squires and wife. Squires had no interest, legal or equitable, in the property. The abandonment of all interest he ever had (and equity of redemption) was complete thirty years before his deed to the other defendants. He had no equity of redemption when he made his deed, and the grantees could take no greater interest than he had. But, besides, the plaintiff Margaret, if she could be treated as mortgagee at this late date, has been continuously in possession before and since the date of the execution of the mortgage in 1867, and under the statute in force at that time a presumption of the abandonment or release in some legal way of the right of redemption would be raised, and, under subdivision 4 of Sec. 152 of The Code, the right of redemption is barred.

His Honor instructed the jury that if they believed the evidence in the case to be true, they should answer the first, second and third issues "Yes," and the fourth "No," and rendered a judgment adjudging the plaintiff's right to the land in dispute to be a fee simple interest, and that the defendants Beulah Williams and Nevada Burgess had never acquired a reversionary interest in the land, and owned no interest or estate therein.

The judgment further ordered the cancellation on the registry of the office of the Register of Deeds of Camden County of the mortgage from Squires and of his deed to the other defendants.

No Error.