MRS. MOLLIE GORE *v.* LOUISA S. LIGON.

[63 South. 188.]

1. WILLS. *Attestation. Validity. Code 1906, section 5078.*

Under Code 1906, section 5078 so providing it is only necessary that two witnesses should properly attest a will not wholly written by the testator himself and the fact that afterwards a third witness attested the will not in the presence of the first two attesting witnesses is immaterial.

2. WILLS. *Disposition of property after making. Partial revocation.*

A conveyance by a testatrix of property devised, does not result, strictly speaking, in a revocation of the will, but results simply in a withdrawal of the property so conveyed from the operation thereof.

APPEAL from the chancery court of Calhoun county.
HON. I. T. BLOUNT, Chancellor.

Bill by Mrs. Mollie Gore against W. J. Ligon and others to set aside the will of Mrs. Louisa S. Ligon. From a decree denying the relief sought, complainant appeals.

In the year 1891 Mrs. Louisa S. Ligon executed a will, by the terms of which, after providing for payment of debts, and small legacies to her two granddaughters, one of whom is appellant here, she bequeathed to her son, W. J. Ligon, appellee here, "all the rest of my estate of every kind and character whatsoever and wherever situated." Her said son is made executor without bond. Mrs. Ligon died in 1910, but prior to her death she had disposed of practically all of the property owned by her at the time of the execution of this will, most of which she deeded to appellee with whom she lived. After the execution of the will, and after she had deeded her property to appellee, Mrs. Ligon inherited other property, principally money. After her death appellee claimed the property of which his mother died seised, under the residuary clause of the will.

Appellant claims a distributive share of the property of the decedent, basing her claim, first, upon the alleged invalidity of the will, which she alleges is void because not attested according to law. The will was prepared by James C. Page, a brother of Mrs. Ligon, and Page and his wife signed as attesting witnesses. Several days later Mrs. Ligon called in her nephew, C. F. Colley, who then signed as an attesting witness, but not at the same time or in the presence of the other witnesses, nor did Mrs. Ligon then acknowledge or declare it to be her will. Section 5078 of the Code of 1906 provides that, if a will is not wholly written and subscribed by the testator, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix. It is the contention of the appellant that, since Mrs. Ligon chose to have more than two attesting witnesses, it was necessary that

all of them should sign at the time she declared it to be her last will and testament, and that, Mr. Colley not having done this the will is void. It is next claimed by appellant that the will is void because Mrs. Ligon had conveyed away the property devised some time prior to her death, and there was nothing for the will to operate on. Appellant filed her bill in chancery to set aside the will, and from an adverse decision she appeals.

*Creekmore & Stone,* for appellant.

On the question whether or not the alleged will was properly executed, it is important to note the language of the statute on this subject, the same being section 5078 of the Code of 1906. This statute provides that, if the instrument is not wholly written and subscribed by the the testator or testatrix, it shall be attested by two or more credible witnesses in the presence of the testator or testatrix.

In this case the testatrix saw fit to have more than two attesting witnesses and while we concede that only two were necessary in order that the will be valid that all three of the attesting witnesses should attest in the manner required by law. The statute does not limit the number of witnesses that may be called on to attest a will and for the reason for the purpose of greater safety and certainty in the identification and proving of the will that the testator might desire three or five or seven or any number of persons to attest the will and be unwilling to execute a will unless this number and these identical witnesses attest the same.

Attestation is not merely signing the name of the witness on the paper, but, in order to be valid, the act of attestation must cover all the requirements of the statute on the subject, and if the testator neither signs his name nor acknoweldges his signature in the presence of all of the witnesses it is fatal. *Calkins* v. *Calkins,* 1 L. R. A. (N. S.) 393; *Rutherford* v. *Rutherford,* 43 Am. Dec. 645;

*Chaffey* v. *Baptist Missionary Convention,* 40 Am. Dec. 225.

It was contended in the court below, and successfully that the question of attestation and execution of the will in this case is settled by the case of *Miller* v. *Miller,* 51 So. 210.

We do not think that that case is at all decisive of the question, nor in fact do we understand that that case touches the question at all. In the Miller case, the first witness signed the name of the testator at his express direction and then on request of the testator and in his presence signed as a witness. At a later time the testator saw the other two witnesses, Phillips and Cox, and acknowledged to them his signature to the will and requested them to sign as attesting witnesses, which they did. The court very properly held that since each of the witnesses complied with all the requirements of the statute relative to attesting witnesses that the attestation was valid. The court also held in that case that it was not necessary under our statutes that the attesting witnesses shall see the testator sign the will. There was not involved in the Miller case nor did the court decide, when three attesting witnesses were used and two of them complied with the statute and one did not, whether such attestation is valid.

In the case at bar J. C. Page and Mrs. Page, two of the attesting witnesses complied with the statute, but, C. F. Colley, the third attesting witness did not comply. The validity of the will under these circumstances is the precise question presented here and it was not at all involved in the Miller case.

In the Kentucky case of *Swift* v. *Wiley,* 1 B. Mon. 114, cited in *International Trust Co.* v. *Anthony,* 22 L. R. A. (N. S.) 1005, the statute of Kentucky is quoted and it is in meaning exactly the same as our statute and the verbiage is practically identical. In that case while the statute of Kentucky says two or more competent wit-

nesses shall attest the will there appeared as in this case three witnesses to the will. In discussing the sufficiency of the attestation the Kentucky court said, "As all three of the subscribing witnesses were present at the final publication of the will, attested the fact of signing and publishing by the testator and either then subscribed or acknowledged the subscription of their respective names, on the same paper, so as to insure the identification of the will as then published and attested, every purpose of the statute has been fulfilled and not even a letter violated or disregarded."

While the question presented in that case was not the exact question presented here it will be observed that some emphasis is placed on the fact that all three of the subscribing witnesses in that case complied with the law relative to attestation.

To carry out the evident purpose and intention of the statute it seems to us where more than two witnesses are used in the making of a will the statutory requirements must be observed as to all the witnesses.

Section 5079 of the Code of 1906 provides how wills may be revoked by the express acts of the testator but the implied revocation of wills or revocation by operation of law still exists in Mississippi unaffected by this statute. *Garrett* v. *Dabney,* 27 Miss. 335. A will is revoked by the subsequent conveyance of the whole estate. *Wells* v. *State,* 35 Miss. 663.

In the case last cited the court says that the doctrine of implied revocation proceeds mainly on the principle of presumed intention and such presumption may be rebutted by circumstances. While this case went off on a peremptory instruction to the jury to find in favor of the proponents, it will be observed from an inspection of instructions refused for the contestant that this doctrine was presented to the court in an instruction submitting to the jury the question of the intention of the testatrix to revoke her will by the subsequent conveyances.

Where a testator prior to his death sold so great a part of his realty as to render it impossible to carry out the conditions of the will the sale amounted to a revocation of the will except so far as the appointment of executors was concerned, whose accounts would be settled in the same manner as if the testator had died intestate. *In re Cooper estate,* 45 Am. Dec. 673.

. It was urged in this case, in the court below, that since the subsequent conveyance by the testatrix was to the beneficiary under her will, her action was not inconsistent with the will and did not operate as a revocation. A very similar case has been decided by the supreme court of Minnesota where a husband had executed a will whereby he devised and bequeathed to his wife one-third of all his property and thereafter, in anticipation of a divorce which afterwards followed, made over to her one-third (the same amount as given her by the will) of all his property and this was held to be an implied revocation of the will. *Donaldson, Executor,* v. *Hall,* 20 L. R. A. (N. S.) 1073.

So, if this doctrine of implied revocation is to rest on the presumed intention of the testator, it was manifestly a question for the jury to decide whether the testatrix in this case after she had conveyed to her son all the property which she owned at the time she made the will intended that the will should remain in force and carry to him at her death any property that she might possibly become the owner of subsequent to the time of the conveyance.

*Haman & Bates,* for appellees.

Counsel for appellant, in their brief, complained that the will was not properly executed, because signed by C. F. Colley, at the request of Mrs. Louisa Ligon, some days after it had been signed by her and attested by the two subscribing witnesses, M. A. Page and Jas. C. Page,

and because when she handed the paper to C. F. Colley she did not tell him that she had signed the will.

In answer we say: First, that an attestation by a third witness, under the statute, is surplusage, and not necessary to the validity of the will; second, that there is no proof that at the time of the execution of the will she wished to have it attested by more witnesses than Jas. C. Page and M. A. Page, who duly subscribed their names as attesting witnesses in her presence; third, that the attestation of a will duly executed and published is not avoided or undone, *ab initio,* by an attempt to have it further attested on an afterthought of the testator, nor does an unsuccessful attempt to have such a will further duly attested on an afterthought of the testator, abolish or revoke the will; fourth, that the statute does not require specific words of acknowledgment of a testator's signature to his will, but that testator's acknowledgment to the witness of the execution of the will as her will, together with proof of the signature of the testator thereto, is sufficient to establish the will. *Miller case,* 51 So. 210; *Calkins* v. *Calkins,* 30 A. S. R. (Ill.) 875. *In re Sizer's will,* 113 N. Y. S. 210, 129, 8 pp. Div. 7—88 N. E. 1132. *Scattergood* v. *Kirlk,* 43 A. 1030, 192 Pa. St. 263, 44 W. N. C. 313; *Chapman* v. *Brown,* 8 Miss. 636; *Boone* v. *Lewis,* 14 Am. St. Rep. (N. C.) 783; *In re Morley's will,* 125 N. Y. S. 886, 140 App. Div. 823; *Phillips* v. *Phillips* (N. Y. Sup. 1884), 1 How. Prac. (N. S.) 291; *Hogan* v. *Grosvenor,* 51 Mass. 54, 43 Am. Dec. 414; *Burney* v. *Allen,* 74 Am. St. Rep. (N. C.) 637; *Hobart* v. *Hobart,* 45 Am. St. Rep. 151.

Counsel for appellant contend that the will in question was revoked by implication of law. They advance the proposition that a will is revoked by the subsequent conveyance of the whole estate.

Counsel for appellant claim that in the present case, the proof shows a subsequent conveyance of the whole estate. We do not think the proof shows this. The testimony of W. J. Ligon shows that Mrs. Ligon, the testator,

died leaving a very small personal estate. We think that his pleadings in presenting the will for probate do not estop him from now claiming facts somewhat different from such statement as he made in offering the will for probate. If, in his general statement in the first pleadings he was mistaken as to the facts stated there, or overlooked facts, it is his right to make a correction. It may even be true that he overlooked or forgot facts relating to the estate in his statement offering the will for probate, and in his testimony at the trial of this cause. It may be that his mother had other rights and choses in actions, and even other property had at the time of her death which she had not given him, which she had at the time of making the will, and which he either did not know of, or did not think of or did not realize as affecting this case.

We do not subscribe to the proposition of counsel for the appellants. We submit: First, that a will appointing an executor is not revoked *in toto,* even by a subsequent conveyance of the whole estate inconsistent with such where an executor is appointed with general powers; second, that a will containing an appointment of an executor in which testator uses general words conveying the whole estate is not revoked *in toto* by the mere subsequent conveyance or alienation of all or practically all of the estate, where the alienations and conveyances are of specified and particular property or funds, even though such alienations are in general terms inconsistent with the provisions of the will; third, that the subsequent alienation or conveyance of a part or the whole of the estate, consistent with the will is not a revocation of the will. *Garrett* v. *Dahney,* 27 Miss. 335. See *Hoy* v. *Hoy,* 48 So. 903; *Wells* v. *Wells,* 35 Miss. 663; *Donaldson* v. *Hall,* 20 L. R. A. (N. S.), (Minn.) 1073; Schouler on Wills (3 Ed.), sec. 423A; *Gregg et al.* v. *McMillan et al.,* 32 S. E. 447; *Woodward* v. *Woodward,* 81 Pac. 322; *Ackles estate* (Sur.) 52 N. Y. Supp. 246 (86 N. Y. St. Rep.); *Graves* v. *Sheldem,* 15 Am. Dec. 653; 4 Kent's Commentaries (14

Ed.), 530; Welch's appeal, 28 Pa. 363; *Wynne* v. *Wynne,* 23 Miss. 251.

We submit further: The appellant in this case is seeking to establish the revocation of the will in order to take as an heir at law, as shown by her pleadings. If she claims that the whole estate of the testatrix was subsequently deeded or given to the principal beneficiary of the will, she must say whether these conveyances were inoperative or valid. If inoperative, we think there could be no implied revocation thereby, even under the common-law rule.

If she claims such subsequent conveyance valid, the appellant is not such an interested person as contemplated by the statute (Sec. 1997, Code of 1906) which gives to an interested party the right to contest the validity of a will probated in common form, and aside from the statute, the appellant would have no right to complain, since the question would then be one between the executor and the donee or grantee under the conveyance, who, in the present case, is the same person, as well as principal beneficiary of the will.

If appellant claims that only the property of testator which she owned at the time of making the will subsequenly conveyed by testator to the principal beneficiary of the will and that thereby the will was revoked, we answer that a will takes effect at the death of the testator, and in this case there is evidence of after-acquired property.

Further, that in such case, to give effect to the revocation at the time of the subsequent conveyance would be to destroy the ambulatory nature of wills provided for by nature, to practically nullify the statute which provides for the disposition of after-acquired property by will; and to contend that the revocation of the will, in such case, is held in abeyance or at ease until the death of testator to then be determined according to whether testator had acquired further property and whether she

died possessed of it or had disposed of it, since there is evidence of after-acquired property, forces the conclusion that appellant is not a properly interested party to the contest, or that there was after-acquired property to pass by the will.

*Wynne* v. *Wynne,* 23 Miss. 251, above referred to, was brought to the court on a contest of a will made in Tennessee. At the time of the execution of the will in Tennessee it was conceded that the common-law rule was in effect in Tennessee. At the time that the testator made his will in Tennessee he owned certain real estate there, which subsequently to the execution of the will, he conveyed and·disposed of, which act it was contended under the Tennessee law by implication revoked the will, insofar, at least, as to the general gift of the real estate, so that, even if after acquired real estate in Mississippi might pass by a will, the Tennessee law had revoked the will, as far as real estate, at least, was concerned, and there was no will affecting real estate. To meet this proposition, there was evidently an effort made to prove a republication of the will. The court refused even to notice the proof of republication, holding that it was unnecessary, and held that the real estate acquired in Mississippi after the disposition of the real estate in Tennessee, passed by the will.

SMITH, C. J., delivered the opinion of the court.

Appellant's contentions are, first, that the will was not attested by one of the three subscribing witnesses in the manner required by law, and therefore is void; second, that the will was revoked by reason of a subsequent conveyance of all of the property devised. It being admitted that two of the witnesses who attested the will complied with the statute in so doing, it is wholly immaterial whether the third complied therewith or not, for the attestation of two witnesses is all that the statute requires. Section 5078, Code of 1906.

The rule, conceding that such there be, that a convey-
ance subsequent to the making of a will of the property
therein devised operates in effect as a revocation of the
will, can have no application here, for the reason that the
devise to appellee Ligon was not of specific property, or
of the property owned by the testatrix at the time of its
execution, but was a devise of all of the property of which
she might *die* seised and possessed. Moreover, a convey-
ance by a testatrix of property devised does not result,
strictly speaking, in a revocation of the will, but results
simply in a withdrawal of the property from the opera-
tion thereof. The will, therefore, in such case should be
admitted to probate, and its effect determined when the
devisee prefers his claim to the property. 40 Cyc. 1206;
Page on Wills, page 318; *In re Ackels' Estate*, 23 Misc.
Rep. 321, 52 N. Y. Supp. 246; *McCraine* v. *Clarke et al.*,
6 N. C. 317.

*Affirmed.*

