#### D. F. WRIGHT ET AL. v. W. J. WRIGHT ET AL.

(Filed 28 May, 1930.)

**1. Wills F d—Where property of a devisee is devised by the will the devisee is put to his election between his property and the devise.**

The doctrine of election under a will applies where a testator devises his property to a beneficiary and assumes to devise to another property belonging to the first devisee, in which case the devisee, if he accepts the devise with knowledge of all the facts, is thereby precluded from asserting title to that part of his own property which was devised to another.

**2. Same—In this case held: will did not attempt to dispose of property of devisee, and devisee was not put to his election thereunder.**

Where after the execution of his will the testator gives his son certain specific farming implements which the son takes possession of during the life of the testator, and the will devises certain lands to the son and bequeaths the household and kitchen furniture and the "remainder" of the personalty to his other children, and at his death the testator owned personal property other than the household and kitchen furniture: *Held*, the will does not attempt to dispose of the property given the son, the "remainder" including only the personalty other than the personalty given the son and specifically bequeathed to the other children, and the gift to the son operates as an ademption by so much of the legacy bequeathed to the other children, and the son is not put to his election under the will between the personalty given him and the land devised to him by the will.

PROCEEDING for the partition of land heard by *Johnson, Special Judge,* at December Term, 1929, of CLEVELAND. Petitioners appealed. No error.

R. H. Wright died in March, 1925, leaving a will. In the third item he devised (subject to the life estate of his wife, Amanda Wright) two tracts of land to his son, William J. Wright. The tracts contain respectively 60 acres and 9 acres. In the fifth item the testator, after bequeathing his household and kitchen furniture to his daughters, gave the remainder of his personal property to all of his children "except

William J. Wright, who is to receive nothing other than the two tracts of land hereinbefore mentioned."

William J. Wright claims to be the owner by gift from his father of the following personal property: a McCormick binder, a wheat drill, a cane mill and boiler, a cider mill, a log saw with motor, a stalk cutter, a cultivator, a plow, a scythe and cradle, and a wagon body. He alleges that the testator was unable to pay the taxes, and in order to be relieved of the burden gave him this property, and that he has since owned it and listed it for taxation.

In response to the issues the jury found that the petitioners and the defendants are not tenants in common of the land and that W. J. Wright is the owner thereof in fee.

The assignments of error raise the question whether W. J. Wright was forced to an election under the will, the petitioners contending that if he took the personal property he elected not to take the land devised to him, and that the real estate was therefore subject to partition.

Judgment for respondent and appeal by petitioners.

*D. Z. Newton and J. C. Newton for appellants.*
*B. T. Falls for appellee.*

ADAMS, J. The appeal presents the questions whether W. J. Wright was compelled to exercise an election between accepting the land devised to him and taking the personal property purporting to be bequeathed to others, and whether he is estopped to claim the land by having refused to give up the personal property. It is admitted that R. H. Wright, the testator, after the execution of his will gave to W. J. Wright all the articles in controversy and that the donee was the owner and in possession of this property at the death of the testator and at the death of the life tenant, Amanda Wright. The will was executed 23 January, 1920; the property was delivered to the donee in 1922; the testator died in March, 1925. The effect of the gift was to withdraw the property from the operation of the devise and to vest it in the son. If property is devised and subsequently alienated it does not go to the devisee, because the testator can devise or bequeath only the property he owns at the time of his death. 1 Page on Wills, sec. 456; Schouler on Wills, sec. 427; C. S., 4136, 4165. The failure of the bequest under these circumstances is more like the ademption of a legacy than the technical revocation of a devise. Page on Wills, *supra; McRainy's Executors v. Clark,* 4 N. C., 698; *S. c.,* 6 N. C., 317.

In the sense used in equity jurisprudence, election has been defined as the obligation imposed on a party to choose between two alternative rights or claims in cases when there is a clear intention of the person

from whom he derives one that he should not enjoy both. Eaton on Equity, 161. The appellants invoke the aid of this doctrine. They say the respondent cannot hold both the land and the personal property, and must make an election between the two. The particular phase of the doctrine to which they advert is this: Where a person devises his property to a beneficiary and assumes to devise to another property belonging to the first devisee and the devisee of the testator's property accepts the devise with knowledge of all the facts he is thereby precluded from asserting title to that part of his own property which was devised to another. *Sigmon v. Hawn,* 87 N. C., 450; *Syme v. Badger,* 92 N. C., 706; *Allen v. Allen,* 121 N. C., 328; *Tripp v. Nobles,* 136 N. C., 99.

We are of opinion that the fifth item of the will, taken in connection with the evidence, does not necessarily purport to dispose of the articles given to the respondent; and if not the appellants' position cannot be maintained. There is evidence that these articles and the household and kitchen furniture were not all the personal property owned by the testator at the time of his death. The bequest to his other children would therefore include the remaining property. In *Gray v. Williams,* 130 N. C., 53, it is said that before a donee can be put to an election his own property which is professed to be conveyed must be described in the instrument itself with such certainty that the donee may know his own property by the description given. It was shown in *Field v. Eaton,* 16 N. C., 283, that the defendant, William Eaton, claimed title to a slave as a gift from his father. Some time after the date of the alleged gift his father made a will bequeathing the slave to his son. In a subsequent clause he bequeathed the same slave to his daughter Harriet. To his son he devised other property, consisting of lands and slaves. In the will the slave in question was identified by name. It was held that as William claimed under the will and the will in express terms purported to convey title to the slave he could not accept and reject the same instrument. The turning point of the decision in *Allen v. Allen, supra,* was the fact that R. J. Allen, the vendee in the deed, qualified as executor of his father's estate—the court holding that his qualification as executor was an election to take under the will. The same conclusion was announced in *Treadaway v. Payne,* 127 N. C., 436, in which the defendant Payne, who claimed under a deed from the testator, was held to an election because he had probated the will, made an inventory of the estate, stated his receipts and disbursements, and executed the duties of executor. These decisions, cited by the appellant, are therefore not decisive in the present case. We find

No error.