## DANTONE *v.* DANTONE et al.

In Banc. Feb. 28, 1949.

(38 So. (2d) 908)

Alfred Stoner and B. B. Allen, for appellant.

**Pollard & Hamner,** for appellees.

428

**Montgomery, J.**

Brossie Dantone, a grandson of B. Dantone and Catherine Dantone, filed his bill of complaint in the Chancery Court of Leflore County claiming ownership of an undivided interest in three separate pieces of property which, for brevity, will be here described as the Howard property, the residence property and the Johnson and Main Streets property. All of the living children of B. Dantone and his wife Catherine Dantone, being complainant's uncle and aunts, Billy Dantone,

the son of John Dantone, a deceased son of said parties, and a first cousin of complainant, and Vincent Dantone, Jr., Mrs. Elizabeth Dantone Hill, and Catherine Dantone the half-brother and half-sisters of complainant, and the children of Vincent Dantone deceased, who was the father of complainant and also a son of B. and Catherine Dantone, were made parties-defendant. The bill prayed that complainant be decreed to own an interest in said real estate, and "that the said realty be sold for partition", and for general relief. The answers of the defendants denied that complainant owned any interest in the Howard property or the residence property, but admitted that he owned an interest in the Johnson and Main Streets property. The answers of the defendants also denied the right to a sale for partition.

We will first recite the facts regarding the residence property. This property belonged to B. Dantone, the grandfather of complainant, who died in 1920, leaving his widow, Catherine Dantone and their six children, the survivors being defendants in this suit, along with the children of those of the two who have died. Under the will of B. Dantone, the residence property was devised to his wife, Catherine Dantone, for life, with remainder over to two of his daughters, Constance Dantone and Rosa Dantone. No attack is made, in this proceeding, upon the will of B. Dantone and the remainder interest in the residence property vested in Constance and Rosa Dantone under the will of their father, at his death. Complainant owns no interest in this property, and has no right to a partition thereof.

Catherine Dantone, the widow of B. Dantone, in 1908, and before the death of B. Dantone in 1920, purchased, from one F. R. Austin, the Howard property which is located in the business section of Greenwood and is said to be of great value. On March 13, 1940, Catherine Dantone, in consideration of love and affection, conveyed this property by warranty deed to her two daughters, Constance Dantone and Rosa Dantone. Catherine Dan-

tone had before that time, on November 14, 1929, executed her will, under Item 2 of which she had devised this Howard property to Constance and Rosa. In 1944, Constance Dantone died, leaving a will, and by the terms of which she devised all of her property to Rosa. Though the mother, Catherine Dantone, had executed her will in 1929, as aforesaid, she did not die until August, 1946, two years, approximately, after the death of her daughter Constance.

It was alleged in the bill that Catherine Dantone came to this country from Italy some fifty years before her death, but never learned to speak the English language or understand it when spoken, and, that after the death of B. Dantone in 1920 she lived in the residence alone with two daughters Rosa and Constance, who occupied a relation of trust and confidence toward her, acted as her agents in all her business transactions, acted as her interpreters, and that a confidential relationship existed between her and her daughters, Rosa and Constance.

■ ■ It is argued by appellant that under the doctrine of Ham v. Ham, 146 Miss. 161, 110 So. 583; Risk v. Risher, 197 Miss. 155, 19 So. (2d) 484; Watkins v. Martin, 167 Miss. 343, 147 So. 652; and Lindeman's Estate v. Herbert, 188 Miss. 842, 193 So. 790, the deed from Catherine Dantone to Rosa and Constance is presumptively void because of this confidential relationship between the parties, and that the burden was on the grantees therein to show by clear and convincing testimony that the grantor acted with full knowledge and independent consent and action. However, when we look to the admission of facts in the answers, and to the proof offered by appellant to support his claim of confidential relationship, from which the presumptions above mentioned must, if ever, arise, we find it is wholly insufficient to establish any relation of principal and agent, or any other conventional fiduciary relationship or any fiduciary relationship whatever in fact. The chan-

cellor necessarily so held in the court below, and we find he was manifestly correct therein. We find no vice in the deed from Catherine Dantone to her daughters Rosa and Constance because of any confidential relationship or undue influence, and, on the facts here, the deed is free from any defect on account thereof. There is no merit in counsel's contention.

■■ But, it is urged further that Rosa Dantone cannot take under this deed for the further reason that Catherine Dantone died in 1946, and Rosa offered her will for probate and was appointed executrix to administer the will; that if she takes under the deed, she will be taking against the will and the doctrine of election applies, under Barrier v. Kelly, 82 Miss. 233, 33 So. 974, 62 L. R. A. 421; West v. West, 131 Miss. 880, 95 So. 739, 29 A. L. R. 226; Welch v. Welch, 147 Miss. 728, 113 So. 197. For these cases, we have great respect, but they have no application here. Here, Catherine Dantone, in 1929, made her will, and by its terms devised this property to her two daughters, Rosa and Constance. Later, in 1940, she deeded this same property to the same two daughters to whom she had theretofore devised it in her will. When, after the publication of her will, she executed a deed whereby she conveyed this property (only a portion of the estate devised by the will) to the same grantees to whom she had devised it, she did not thereby evidence any intention to particularly revoke the will pro tanto but merely evidenced a desire to hasten the time when the devisees might enjoy the property. The specific devise under the will fails, it is true, but this is not so much because a pro tanto revocation is deemed to have been intended as that there is nothing on which the devise can operate. When Catherine Dantone died in 1946, she had already deeded the property to the devisees and the title had vested in them, and she did not then own the property so it could not pass under the will. ■■ This, of course, operates as a pro tanto revocation but only to

the extent of the property deeded, and revokes the will in no other particular. Hence, when the deed from Catherine Dantone to Rosa and Constance was delivered, the title immediately vested in them. When Constance died in 1944, her half interest passed under her will to Rosa. When Catherine died, in 1946, Rosa already owned the entire property, and Catherine owned no interest that could pass under her will. This was a pro tanto revocation of the will only to the extent of this property. Caine v. Barnwell, 120 Miss. 209, 82 So. 65; Lang v. Vaughn, 137 Ga. 671, 74 S. E. 270, 40 L. R. A. (N. S.) 542, Ann. Cas. 1913B, 52, 57; Gore v. Ligon, 105 Miss. 652, 63 So. 188; Wells v. Wells, 35 Miss. 638. Rosa, in taking under the deed, is not taking against the will. From what we have said, it follows that the complainant owned no interest in the Howard property, at the time of the filing of his bill, and held no right to any partition thereof.

As to the Johnson and Main Streets property, defendants admit in their answers that the complainants own an undivided interest. Catherine Dantone acquired this property from one W. C. Taylor in 1918. Under Item 3 of her will, she devised this and other property to her six children: Mary Giardina, Constance Dantone, Vincent Dantone, John Dantone, Joe Dantone, and Rose Dantone. By Item 7 of said will, it was provided: "Should my son, Vincent Dantone, die before I do his share of the property hereby devised and bequeathed shall go to his son Brossie Dantone. Should any other of my children die before I do, then the share herein devised or bequeathed to such child shall go the child or children of such deceased child." Vincent Dantone predeceased his mother. Constance Dantone also predeceased her, leaving no child. By Item 9 of the will, it was provided: "I hereby give and bequeath all my cash and all other personal and real property of which I may die seized and possessed equally to my six children hereinbefore enumerated."

The chancellor, in the lower court, did not adjudicate the proposition of complainant's interest in the Johnson and Main Streets property, and his failure so to do is not assigned as error here. We, therefore, will not at this time pass upon the question of the size of the proportionate interest in said property owned by. the complainant. Rule 6 of Supreme Court of Mississippi.

As above stated, the answers of the defendants admit the complainant owns an undivided one-sixth interest in this property. It is argued, however, that this bill cannot be considered a bill for partition because it does not contain the necessary allegations. The bill, however, does allege that the complainant owns an undivided interest in this property under the will of Catherine Dantone, and the law determines that he holds as a tenant in common from the allegations of his bill. He does not allege that the tenants in common are in possession, or have a right of possession, but the right of possession is an incident to the ownership alleged in the bill. Section 1284, Code of 1942 only requires that a bill contain a statement of facts on which complainant seeks relief, in ordinary and concise language and, after examining the bill in this case, we are of the opinion it contains a sufficient statement of facts to support a partition. In the interest of justice, if, from the whole pleading, it can be seen that there is substance to the suit, and there is revealed enough to show equitable merits the Court will go far towards entertaining the bill. We think such a case is here presented, and that the bill is sufficient in substance to support a decree of partition. Griffith's Chancery Practice, Section 170, p. 163.

The special prayer of the bill is that the property be sold for partition. However, before a sale can be ordered in the first instance, it is required by Section 965, Code of 1942, that the court must be of the opinion that a sale of the lands, or any part thereof, will better promote the interest of all parties than a partition in

kind, or that an equal division cannot be made before it can order a sale of the lands for a division of the proceeds of sale. No proof is shown in this record covering this matter. Hence, there is no proof or admission from which the court could form an opinion as to whether the land is susceptible of partition in kind, or whether a sale would better promote the interests of the parties, and the court cannot order a sale for partition. But, the bill does contain a prayer for general relief, and under this the complainant may have any other relief than that specifically prayed if it be within the scope of the facts of the bill, and not inconsistent with the purpose of the bill, and which cannot be said to surprise the defendant. Griffith's Chancery Practice, Sec. 186, p. 182. The bill, therefore, being sufficient in substance and containing a prayer for general relief, it is sufficient to support a decree for partition in kind.

The learned chancellor correctly held that the complainant owns no interest in the Howard property or in the residence property, but overlooked, apparently, the Johnson and Main Streets property, and this led to his dismissal of the bill of complaint. In this, the court erred. On the bill, as drawn, he should have retained it and decreed a partition in kind of the Johnson and Main Streets property, and for this error, the decree of the lower court is reversed and the cause is remanded.

Affirmed in part, reversed in part, and remanded.