373 So.2d 1036 (1979)
C.E. FRAZIER CONSTRUCTION COMPANY, INC.
v.
CAMPBELL ROOFING AND METAL WORKS, INC.
No. 51317.
Supreme Court of Mississippi.
August 8, 1979.
Reynolds & Mockbee, David W. Mockbee, Jackson, for appellant.
Johnston, Adams & Younger, Lem Adams, III, Brandon, for appellee.
Before ROBERTSON, BROOM and COFER, JJ.
BROOM, Justice, for the Court:
Promissory estoppel and whether the elements thereof were sufficiently pled to withstand a demurrer is the salient feature of this case appealed from the Chancery Court of Rankin County. In that court, appellant, C.E. Frazier Construction Company, brought an action against Campbell Roofing and Metal Works, Inc., to which Campbell successfully demurred. We reverse.
In January, 1978, the Board of Trustees of the Yazoo City Municipal Separate School District advertised for bids for the construction of a project designated as Yazoo City Comprehensive High School Football Stadium and Field House. On or about February 2, 1978, Frazier received a telephone quotation from Campbell for furnishing and installing insulation and roofing pursuant to the plans and specifications for the Yazoo City project, which Frazier averred in the complaint at $10,612. Frazier submitted its bid for the project, relying in part on the price that was quoted by the defendant, Campbell, and, as a result, complainant, Frazier, was awarded the contract for the Yazoo City project. Around February 27, 1978, Frazier forwarded a sub-contract for the insulation and roofing work to Campbell for Campbell's signature. This subcontract contained the price quoted by Campbell and specified performance of the work upon which Campbell had submitted its quotation to Frazier. Campbell refused to sign the sub-contract, and Frazier was required to seek other quotations and to award the sub-contract to the lowest other bidder, Mayberry Bros. Roofing and Siding, Inc., at a price of $13,639.
Frazier made the above averments (which must be accepted as true in considering Campbell's demurrer) in its bill of complaint, requesting damages on the basis of promissory estoppel from the defendant, Campbell, for the amount of $3,027 plus interest. The chancellor sustained Campbell's demurrer on the basis that there was no equity on the face of the bill. From the chancellor's sustaining of the demurrer, this appeal was brought.
*1038 The sole issue is: DID THE CHANCELLOR ERR IN SUSTAINING CAMPBELL'S DEMURRER ON THE BASIS THAT NO EQUITY WAS STATED IN THE BILL OF COMPLAINT?
The doctrine of promissory estoppel has been stated as follows:
[A]n estoppel may arise from the making of a promise, even though without consideration, if it was intended that the promise should be relied upon and in fact it was relied upon, and if a refusal to enforce it would be virtually to sanction the perpetuation of fraud or would result in other injustice. [28 Am.Jur.2d, Estoppel and Waiver, § 48 (1966)].
An action arising out of the equitable doctrine of estoppel is a proper subject of equity. Griffith, Mississippi Chancery Practice (2d ed. 1950) § 24. The question before us, therefore, is whether Frazier averred sufficient facts to meet the requirements of a cause of action based upon the theory of equitable estoppel.
Frazier argues that Campbell, in quoting Frazier a price on the project, made a promise which would reasonably be expected to induce Frazier to make a bid based on Campbell's quotation. Scrutiny of Frazier's bill of complaint reveals unquestionably that Frazier averred that it acted upon Campbell's promise. Also obvious in the bill is the averment as to damage which Frazier suffered as a result of having relied upon Campbell's quotation.
Responding, Campbell argues in its brief that Frazier failed to comply with the first element of estoppel in that there is no averment which would establish that a promise was made. Campbell says that a telephoned quotation is insufficient as a promise or an offer which would reasonably induce action. Further, Campbell contends:
A reasonable man would certainly seek a more definite commitment from a sub-contractor, than a mere quotation.
Further:
Certainly, the more prudent general contractor would advise the sub-contractor that he was using his "quotation" in the general bid. This should be the key to determining if promissory estoppel should lie in cases of telephone bids.
In sum, Frazier's bill avers that Campbell induced action of a substantial character by Frazier, which action was to Frazier's detriment. Pertinent here is Mississippi Code Annotated, § 11-5-13 (1972), which states that relief is sought "in ordinary and concise language... ." We have held that:
In the interest of justice, if, from the whole pleading, it can be seen that there is substance to the suit, and there is revealed enough to show equitable merits, the Court will go far towards entertaining the bill. We think such a case is here presented, and that the bill is sufficient in substance... . Griffith's Chancery Practice, Section 170, p. 163. [Dantone v. Dantone, 205 Miss. 420, 38 So.2d 908, 911 (1949)].
Cases relied upon by Campbell are not controlling here because in the case at bar Frazier's bill avers that Campbell promised to perform pursuant to the plans and specifications, and that Frazier relied and acted upon such promise to Frazier's detriment. In this case the bid by Campbell was used by Frazier without modification or exception. See Loranger Constr. Corp. v. E.F. Hauserman Co., 78 Mass. App. 263, 374 N.E.2d 306, 307 (1978). In Loranger, the facts as stated in the opinion were as follows:
A sales engineer employed by Hauserman, knowing of Loranger's plan to bid on the general contract, telephoned Loranger and quoted a figure of $15,900 for supplying and installing the metal partitions. The quotation was based upon plans and specifications of the buildings which the engineer felt were a sufficient basis for the quotation. Hauserman's was the sole bid for the partition work; and Loranger included the $15,900 figure in its bid for the general contract submitted on that day, May 20, 1968.
There, as stated in Frazier's rebuttal brief, the Massachusetts Court held that promissory estoppel, where a manufacturer reneged *1039 on its bid after the general contractor used the bid (for metal partitions) in making its submission, was awarded the contract. Also in Loranger, the contractor was allowed to recover upon such estoppel theory even though the contractor only notified the manufacturer of its "acceptance" of the manufacturer's quote more than two months subsequent to the making of the quote by the manufacturer.[1] This Court in effect, though on dissimilar facts, followed the principle of promissory estoppel in Martin v. Dixie Planing Mill, 199 Miss. 455, 24 So.2d 332 (1946).
There is another reason (not argued) why the demurrer should not have been sustained. Attached to the demurrer was a certificate that opposing counsel was served a copy, but there appears to be no certificate that counsel interposing the demurrer "believes it ought to be sustained." Mississippi Code Annotated, § 11-5-21 (1972) provides that such a certificate must be attached.
Although Frazier's bill in this cause may be less than a model of artful pleading, we think it sufficiently set forth such averments as to establish "that there is substance to the suit" and "revealed enough to show equitable merits" under Dantone, supra. Accordingly, the decree appealed from must be reversed and the cause remanded for trial on the merits.
REVERSED AND REMANDED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] Anderson Constr. Co., Inc. v. Lyon Metal Products, Inc., 370 So.2d 935 (Miss. 1979) involved promissory estoppel but is factually distinguishable and, therefore, not controlling here. In Anderson, a "mistake" was a salient feature not here present.