# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2018-CA-00408-SCT

*DR. SANDRA LEAL*

*v.*

*UNIVERSITY OF SOUTHERN MISSISSIPPI AND BOARD OF TRUSTEES OF STATE INSTITUTIONS OF HIGHER LEARNING*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/06/2017 |
| TRIAL JUDGE: | HON. ROBERT B. HELFRICH |
| TRIAL COURT ATTORNEYS: | KIM T. CHAZE |
| | RICHARD D. NORTON |
| | KRISTOPHER ALAN POWELL |
| | MATTHEW D. MILLER |
| COURT FROM WHICH APPEALED: | FORREST COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | KIM T. CHAZE |
| ATTORNEY FOR APPELLEES: | RICHARD D. NORTON |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | AFFIRMED - 04/02/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE RANDOLPH, C.J., ISHEE AND GRIFFIS, JJ.**

**RANDOLPH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     Dr. Sandra Leal appeals the Forrest County Circuit Court's grant of summary judgment to the University of Southern Mississippi (USM) and the Board of Trustees of the State Institutions of Higher Learning (IHL). Leal had brought suit against USM and the IHL for breach of contract and disability discrimination. Because Leal has failed to demonstrate any genuine issue of material fact and has failed to demonstrate that USM and the IHL are not

entitled to judgment as a matter of law, we affirm the decision of the Forrest County Circuit Court.

## FACTS AND PROCEDURAL HISTORY

¶2. Dr. Sandra Leal was a junior faculty member at USM. After spending several years at USM, Leal applied for tenure and promotion in 2012, but, at the recommendation of faculty members, she deferred her application for one year. In September of 2013, she resubmitted her application and materials. On October 4, 2013, her department voted not to recommend her application. Leal was notified of this on October 7, 2013.

¶3. After the departmental review, Shiao Wang, the then-chair of the department, reviewed Leal's application and also determined that she failed to meet the requirements for promotion and tenure. Leal was notified of Wang's decision on October 25, 2013. On November 8, 2013, the College Advisory Committee met and voted not to recommend her application. Leal was notified of this on November 23, 2013. After the College Advisory Committee's review, the then-dean of Leal's college, Patricia Biesiot, reviewed her application and similarly found it deficient. Leal was notified of Biesiot's determination on January 8, 2014. On February 5, 2014, the University Advisory Council voted not to recommend her application. Leal was notified of that decision on February 21, 2014. Each review of her application cited an insufficient number of publications as the primary reason for not recommending Leal's application.

¶4. Following these reviews, in March of 2014, Leal wrote USM's then-provost, Denis Wiesenburg. Leal had suffered from rheumatoid arthritis throughout her time at USM, but,

2

for the first time, she claimed it as a disability. She requested an additional year to remedy her insufficient number of publications. Both Wiesenburg and USM's president, Rodney Bennett, recommended that Leal's application be denied. Leal was notified of these determinations on March 24, 2014, and April 30, 2014, respectively. Leal sought review of her application by the IHL, and the IHL considered her request and ultimately rejected her application as well.

¶5.    Leal filed two lawsuits against USM and the IHL in Forrest County, Mississippi. These suits were consolidated and alleged breach of contract and disability discrimination by USM and the IHL. After discovery, USM and the IHL moved for partial summary judgment on Leal's claims made in her first complaint. The Forrest County Circuit Court granted partial summary judgment on certain claims. Later, USM and the IHL moved for summary judgment on Leal's remaining claims, and the circuit court granted this motion as well. Leal now appeals.

## STANDARD OF REVIEW

¶6.    This Court reviews challenges to summary judgment de novo, and we view the evidence in the light most favorable to the nonmovant. *Johnson v. Goodson*, 267 So. 3d 774, 776 (Miss. 2019) (quoting *Maness v. K & A Enters. of Miss., LLC*, 250 So. 3d 402, 409 (Miss. 2018)). We apply Mississippi Rule of Civil Procedure 56 and review "the pleadings, depositions, answers to interrogatories and admission on file, together with affidavits, if any," to determine whether there is any genuine issue of material fact and if not, whether the movant is entitled to judgment as a matter of law. Miss. R. Civ. P. 56(c).

¶7.     We must determine if there are any issues of *material* fact: facts that "matter[] in an outcome determinative sense." ***Simmons v. Thompson Mach. of Miss., Inc.***, 631 So. 2d 798, 801 (Miss. 1994) (emphasis removed) (quoting ***Shaw v. Burchfield***, 481 So. 2d 247, 252 (Miss. 1985)). Summary judgment is appropriate "where the respondent has failed 'to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" ***Smith ex rel. Smith v. Gilmore Mem'l Hosp., Inc.***, 952 So. 2d 177, 180 (Miss. 2007) (quoting ***Wilbourn v. Stennett, Wilkinson & Ward***, 687 So. 2d 1205, 1214 (Miss. 1996)). When a motion for summary judgment is made and properly supported, the party opposing summary judgment cannot "rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Miss. R. Civ. P. 56(e).

### ISSUES ON APPEAL

¶8.     The issues on appeal are outlined below:

    **I.     Were material facts in dispute regarding Leal's claims under the Rehabilitation Act and, if not, were the IHL and USM entitled to judgment as a matter of law on her disability-related claims?**

    **II.    Were material facts disputed regarding Leal's claim that her employment contracts were breached and, if not, were the IHL and USM entitled to judgment as a matter of law on her contractual claims?**

    **III.   Were material facts disputed regarding Leal's claims that she was equitably entitled to employment and promotion and, if not, are the IHL and USM entitled to judgment as a matter of law on her contractual claims?**

Because Leal has failed to provide evidentiary support for any of her claims, we do not address the IHL's and USM's claims of discretionary-function immunity.

## ANALYSIS

I. **Were material facts in dispute regarding Leal's claims under the Rehabilitation Act and, if not, were the IHL and USM entitled to judgment as a matter of law on her disability-related claims?**

¶9.     Leal alleges throughout her brief varying iterations of claims related to discriminatory and retaliatory treatment by the IHL and USM. She makes these claims under the federal Rehabilitation Act, 29 U.S.C. §§ 701–18 (2012). The Rehabilitation Act "prohibits discrimination against the disabled by recipients of federal funding, including private organization[s]." *Barnes v. Gorman*, 536 U.S. 181, 185, 122 S. Ct. 2097, 153 L. Ed. 2d 230 (2002). The Rehabilitation Act also prohibits retaliation against individuals engaged in protected activities. 28 C.F.R. § 42.503 (current through Mar. 12, 2020), https://gov.ecfr.io/cgi-bin/text-idx?SID=c8b50b2a7db0f45824c0d9d5f667d0aa&mc=true&node=se28.1.42_1503&rgn=div8. Claims arising from federal law related to disparate treatment are subject to the burden-shifting framework articulated by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3, 124 S. Ct. 513, 157 L. Ed. 2d. 357 (2003). Therefore, to survive summary judgment, Leal would have to have proffered sufficient evidence to demonstrate a prima facie case of a violation of the Rehabilitation Act. *Id.* at 50.

A.     *Leal's Discrimination Claim*

¶10. To make a prima facie case of discrimination, Leal needed to establish facts showing (1) that she had a disability; (2) that other than the disability she was qualified for the position she sought; (3) that she worked for a program receiving federal financial assistance; and (4) that she was discriminated against solely because of her disability. 29 U.S.C. § 794 (2012); *see also Cohen v. Univ. of Tex. Health Sci. Cent.*, 557 F. App'x 273, 277 (5th Cir. 2014) (quoting *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007)).

¶11. First, Leal must show that she had a disability. For purposes of determining a violation, the Rehabilitation Act incorporates the substantive standards of the Americans with Disabilities Act (ADA), 29 U.S.C. § 794 (2012). Under the ADA, "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities" or " a record of such an impairment" or "being regarded as having such an impairment." 42 U.S.C. § 12102 (2012).

¶12. Leal identified rheumatoid arthritis as her alleged disability. Leal represents that USM and the IHL have agreed in depositions and before the Equal Employment Opportunity Commission, that Leal suffers from this disability. This is a dubious assertion, given that, while USM and the IHL did agree that Leal suffers from rheumatoid arthritis, both strenuously contend that she has failed to adduce any evidence that the rheumatoid arthritis rose to the level of a disability under the Rehabilitation Act and the ADA.[1]

---

[1]Leal represents several times in her brief that the IHL and USM agree or never disagree that she is disabled. Her record citations following those statements demonstrate their lack of veracity.

¶13.    Leal's medical records reveal that she has limited joint mobility in her arms and shoulders and suffers from fatigue. The medical records fail to establish that she has been "substantially limit[ed in] one or major life activities."  42 U.S.C. § 12102 (2012). These medical records do not disclose her condition resulted in an inability to perform any life activities, let alone major life activities.

¶14.    Another medical record contradicts her assertions. Dr. Imad Bitar, a rheumatologist, documented Leal's joint immobility while opining that her condition could cause her to miss work periodically but that she could perform all essential job functions and did not need to work a reduced or partial schedule.

¶15.    We agree with the trial court that there is no evidence to support her claim of an ADA disability. Thus she has failed to make a prima facie case under the Rehabilitation Act. Because Leal did not meet the elements for a prima facie case, we affirm the trial judge's decision that USM and the IHL were entitled to judgment as a matter of law on her Rehabilitation Act disability claims.

### B.    Leal's Retaliation Claim

¶16.    To establish a prima facie case of retaliation, Leal had to adduce evidence demonstrating that "(1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) a causal connection existed between the protected act and the adverse action." *Cohen*, 557 F. App'x at 277–78 (footnote omitted); *see also* 28 C.F.R. § 42.503 (current through March 12, 2020), https://gov.ecfr.io/cgi-bin/text-idx? SID=c8b50b2a7db0f45824c0d9d5f667d0aa&mc=true&node=se28.1.42_1503&rgn=div8.

¶17. Leal alleges that the adverse employment action was the denial of her application for tenure and promotion. Yet that denial preceded Leal's engagement in a claimed protected activity, i.e., asking for accommodation for her rheumatoid arthritis. There is no evidence that Leal requested accommodation before the claim in her letter dated March 14, 2014. Leal freely admits she never asked for accommodations before March 14, 2014. By March 2014, Leal had already been notified that her department had voted not to recommend her for tenure and promotion on October 4, 2013. Similarly, the College Advisory Committee met and voted not to recommend her for tenure and promotion on November 8, 2013. This information was forwarded to the provost and president of USM for review on January 8, 2014, and the University Advisory Council voted not to recommend her for tenure and promotion on February 5, 2014.

¶18. Leal is correct that, as stated above, final employment decisions are reserved to the IHL. But Leal failed to provide the trial court with evidence of a causal connection between her request for accommodation and the denials of her application for tenure and promotion. The evidence in the record clearly demonstrates the opposite. Thus, we affirm the trial court's grant of summary judgment in favor of USM and the IHL on Leal's retaliation claims.

> **II.** **Were material facts disputed regarding Leal's claim that her employment contracts were breached and, if not, were the IHL and USM entitled to judgment as a matter of law on her contractual claims?**

¶19. Leal next alleges that the IHL and USM breached her employment contract by discriminating against her, retaliating against her, and denying her application for promotion and tenure. To prove a breach-of-contract claim, Leal would have had to prove by a

preponderance of the evidence that "(1) a valid and binding contract exist[ed] and (2) that [the IHL and/or USM] has broken it or breached it without regard to the remedy sought or the actual damage sustained." *Norman v. Anderson Reg'l Med. Ctr.*, 262 So. 3d 520, 527 (Miss. 2019) (citing *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1225 (Miss. 2012)). Any material facts are facts related to these elements, and the IHL and USM were entitled to judgment as a matter of law if those elements were not met. *Gulf Coast Hospice LLC v. LHC Grp., Inc.*, 273 So. 3d 721, 736 (Miss. 2019) ("[U]nless the party challenging summary judgment produces sufficient evidence demonstrating that a disputed material fact exists, summary judgment remains proper.").

¶20.　The parties do not dispute that Leal entered into several employment contracts over a seven year period with the IHL. USM was never a party to any of the contracts with Leal. The authority to enter into those contracts is expressly provided to the IHL, not USM. Miss. Code Ann. § 37–101–15(f) (Supp. 2019). Thus, all Leal's contractual claims against USM fail as a matter of law.

¶21.　Leal's employment contracts with the IHL are single-page documents. There is no mention of guarantees of promotion, tenure, disability accommodation, or nonretaliation for requests of accommodation. Leal claims that the USM Employee and Faculty Handbooks were subsumed into her contracts with the IHL and provide these assurances. This Court has held that employee handbooks can become part of the contract of employment. *See generally Bobbitt v. Orchard, Ltd.*, 603 So. 2d 356 (Miss. 1992). But, when the handbook expressly disclaims the existence of a contract, no contractual obligations arise between employers and

9

employees. ***Lee v. Golden Triangle Planning & Dev. Dist., Inc.***, 797 So. 2d 845, 848 (Miss. 2001); ***Byrd v. Imperial Palace of Miss.***, 807 So. 2d 433, 438 (Miss. 2001).

¶22.    There are explicit disclaimers against guarantee of any contractual right associated with promotion in academic rank, tenure, or employment in general in the handbooks. Leal does not contest the existence of these disclaimers. As it is undisputed that the handbooks contain these disclaimers, the IHL was entitled to judgment as a matter of law on any claims arising from the handbooks.

¶23.    Separately, Leal claims that the policies and bylaws of the IHL are incorporated into her contracts through the handbooks and that these guarantee accommodation of disabilities. This is erroneous. Her employment contracts, apart from the handbooks, were made explicitly subject to the policies and bylaws of the IHL. The policies of the IHL, as provided in the record, incorporate the standards of the Rehabilitation Act and state that "[n]o otherwise qualified individual with a disability as defined in [29 USCS Section 706(8)], shall, *solely* by reason of his\her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." (second alteration in original) (emphasis added).

¶24.    Leal notes correctly that her employment contract provided a guarantee against discrimination as defined in the Rehabilitation Act. But Leal has failed to present evidence supporting her contention that her condition was a disability under the Rehabilitation Act. As such, she has failed to offer evidence to support the second prong of her breach of contract claim, an actual breach of contract. Therefore, as the trial court held, the IHL was entitled to

10

judgment as a matter of law on her claims arising from her employment contracts. The IHL was appropriately granted summary judgment on Leal's breach-of-contract claims.

### III. Were material facts disputed regarding Leal's claims that she was equitably entitled to employment and promotion and, if not, are the IHL and USM entitled to judgment as a matter of law on her contractual claims?

¶25. Leal next argues that the IHL and USM are estopped from denying her tenure and from firing her. She claims that her annual reviews and her Third Year Review assured her she was completing the criteria necessary for tenure and that these assurances were guarantees of tenure and promotion.

### A. Leal's Equitable-Estoppel Claim

¶26. Equitable estoppel requires (1) "proof of a belief," (2) "reliance on some representation," (3) "a change of position as a result of the representation," and (4) "detriment or prejudice caused by the change of position." ***Gulf Ins. Co. v. Neel-Schaffer, Inc.***, 904 So. 2d 1036, 1048 (Miss. 2004) (citing ***Mound Bayou Sch. Dist. v. Cleveland Sch. Dist.***, 817 So. 2d 578, 583 (Miss. 2002)). Leal argues that her Third Year Review provided "proof of a belief" that she was satisfying the criteria for tenure and promotion. The letter accompanying her Third Year Review only reads that she was "making progress toward meeting tenure requirements at The University of Southern Mississippi." The same letter reads that "a favorable Third Year Review does not insure [sic] tenure and that you must persevere to attain excellence in scholarship."

¶27. Leal fails to provide any evidentiary support that this review, or any other statements, were made by USM or the IHL regarding successful *completion* of the criteria for tenure and

11

promotion. Her argument asserts only that she "believed" she was in the "process of satisfying" the criteria for tenure, not that she already had. The evidence in the record demonstrates instead that Leal received communications from the IHL and USM detailing necessary progress and suggestions for improvement, including "publishing more than one paper a year."

¶28. Leal has provided no evidence of a representation that she would receive promotion or that tenure was automatic or guaranteed. Therefore, Leal has failed to articulate any change in her position based on this nebulous belief. As such, the trial court's grant of summary judgment on her claim of equitable estoppel is affirmed.

### B. Leal's Promissory-Estoppel Claims

¶29. Leal also alleges promissory-estoppel claims. Promissory estoppel arises when (1) a promise is made, (2) the promisor intended that the promise would be relied on, (3) the promise was in fact relied upon, (4) and a refusal to enforce the promise would contradict basic equitable principles. *Miss. Dep't of Envtl. Quality v. Pac. Chlorine, Inc.*, 100 So. 3d 432, 442 (Miss. 2012) (quoting *C.E. Frazier Constr. Co. v. Campbell Roofing & Metal Works, Inc.*, 373 So. 2d 1036, 1038 (Miss. 1979)). Again though, Leal has failed to identify a promise. We find no error in the trial court's grant of summary judgment regarding the claims of promissory estoppel.

### CONCLUSION

¶30.   Summary judgment was appropriately granted on all of Leal's claims because the record failed to support any of her claims. Therefore, we affirm the judgment of the Forrest County Circuit Court.

¶31.   **AFFIRMED.**

**KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**