134 Miss.]                        Syllabus.

## HILBUN v. HILBUN et al.

[98 So. 593.   No. 23745.]

(Division A. Jan. 21, 1924. Suggestion of Error Overruled Feb. 4, 1924.)

1. FINDING HELD NOT AGAINST OVERWHELMING PREPONDERANCE OF EVI-
DENCE.

  The evidence on an issue of fact examined, and *held* sufficient to
  uphold the finding of the chancellor on such issue; the find-
  ing of the chancellor not being against the overwhelming pre-
  ponderance of the evidence.

2. PARTITION. *Sale for division of proceeds not ordered unless land
  not susceptible of partition in kind; burden on cotenant seek-
  ing sale to show land not susceptible of partition in kind.*

  The law looks with favor upon the partition of land in kind be-
  tween cotenants and with disfavor upon its sale for a division
  of the proceeds thereof between them; and such a sale will not
  be ordered unless the land is not susceptible of partition in kind,
  and a sale would better promote the interest of all concerned,
  and the burden is on the cotenant seeking a sale instead of a
  partition in kind to so show by the evidence.

APPEAL from chancery court of Jones county, Second
District; HON. G. C. TANN, Chancellor.

Suit by Mrs. M. C. Hilbun and others against J. W.
Hilbun. From a decree for plaintiffs, defendant ap-
peals. Affirmed in part, and reversed and remanded in
part.

*Shannon & Schauber,* for appellant.

We have endeavored to give the exact words of the
witnesses on the material points in this case. After giv-
ing full weight to all the testimony, we do not think the
cancellation of the deed in this case can be upheld, either
upon the law or the facts. We appreciate that this court
always proceeds slowly in reversing a chancellor on the
facts, but in the case of *Gillis, Guardian,* v. *Smith, et al.*

114 Miss. 666, this court said: " . . . the Constitution invests us with appellate equity jurisdiction, and, in reviewing this record, we do so as chancellors, charged with the solemn duty of requiring the proof to measure up to legal standards. If, according to our view of the facts and the promptings of our conscience, the learned chancellor was manifestly wrong, then it becomes our plain duty to set aside the decree of the court below and apply the legal test as we see it. . . ." See, also, *Wherry* v. *Latimer,* 103 Miss. 534.

Complainants in their bill of complaint alleged that "they are entitled to have said land partited and sold because the said land is not susceptible of an equal division in kind." There was no testimony introduced whatever as to whether said land could be partited in kind or not. The law on this proposition is well settled. *Shorter* v. *Lesser,* 98 Miss. 706.

*Jeff Collins,* for appellees.

It is useless to discuss the numerous opinions of this court refusing to reverse the finding of a chancellor or of a jury upon question of fact, unless the testimony, when taken in the most favorable light for such finding, fails to support the finding, or the decision is manifestly wrong. The finding of the chancellor was not manifestly wrong on this question of fact.

With reference to the second proposition: namely, that the testimony of complainants was not sufficient to show that this land was not susceptible of an equal division in kind, which would render it necessary to sell it in order to have a just division, we desire to say that there was no such contention as this made in the lower court, and, even if there had been, the court decreed that complainants were the owners of a three-ninth's interest, one-ninth each, in the land above described, and whether the testimony is sufficient or not that is no reason why

the entire decree should be overturned by this court, and the whole case be tried anew. This court will only decree that the case be affirmed and remanded for further testimony as to how the division shall be made. *Shorter v. Lesser,* 54 So. 155

Argued orally by *Chas. R. Shannon,* for appellant. and *Jeff Collins,* for appellees.

ANDERSON, J., delivered the opinion of the court.

The appellees by their bill in the chancery court of Jones county sought to cancel a deed through which appellant claimed title to one hundred and twenty acres of land so far as it stood in the way of the claim of each of appellees to one-ninth undivided interest in said land. Appellees charged in their bill that said deed was procured by fraud, and also that the grantor therein was mentally incapable of making the deed at the time of its execution, and therefore said deed should be canceled. Appellees averred further in their bill that, if said deed were set aside and canceled, as it should be, each of them would own a one-ninth undivided interest in said land, aggregating four-ninths, and appellant the other five-ninths undivided interest therein, and that a partition in kind of said land could not be had because it was not susceptible of such a partition. Appellant answered, denying the material allegations of appellees' bill, including the charge that the land involved was not susceptible of being partited in kind, and made his answer a cross-bill, by which he sought to have the said deed through which he claimed title to said land reformed so as to make it show that said land was in township 8, instead of township 9, as was erroneously recited in said deed. There was a trial on bill, answer, and cross-bill, and answer to cross-bill and proof, resulting in a final decree in favor of appellees, except as to one of them, whom the

court found had no interest in the land, and denying appellant the relief prayed for in his cross-bill, from which decree appellant prosecutes this appeal.

Appellant's first contention is that great preponderance of the evidence is against the finding of the chancellor on the issue of fact, whether the deed involved should be cancelled and set aside for the reasons stated in the bill, and therefore it is the duty of this court to overturn the finding of the chancellor and render a decree in appellant's favor establishing and reforming said deed as prayed for in his cross-bill. We have given the evidence bearing on this question a great deal of care and consideration. We are of opinion that this is not a case where the finding of the chancellor is against the overwhelming weight of the evidence. On the contrary, there is ample evidence to support such finding.

Appellant urges in the next place that the decree appealed from must be reversed because without any evidence upon which to found it the chancellor decreed that the land involved was not susceptible of being partited in kind, and ordered a sale and a division of the proceeds thereof between appellant and appellees according to their respective interest. Appellant expressly denied in his answer the charge in appellees' bill that the land was not susceptible of partition in kind. There was no evidence whatever introduced on this issue. The chancellor without any evidence simply decreed a sale and a division of the proceeds thereof. In so decreeing the court ignored the well-established principle that the law looks with favor upon the partition of land in kind and with disfavor upon its sale for a division of the proceeds thereof, and that a sale will not be ordered unless the land is not susceptible of partition in kind and a sale will better promote the interest of all parties concerned. That the court will not divest the title of a cotenant in land over his objection in order to make a sale without a showing that an equitable and just partition in kind

cannot be made, and a sale will better promote the interest of the co-tenants. *Shorter* v. *Lesser,* 98 Miss. 706, 54 So. 155. It follows from these views that the decree of the chancellor disposing of the first proposition should be affirmed, while his decision as to the latter must be reversed.

*Affirmed in part and reversed and remanded in part.*