ROY NOBLE LEE, Justice,
for the Court:
The Chancery Court of Washington County, Honorable Nat W. Bullard, presiding, entered an order granting separate maintenance to Frances M. Wade from Rife Wade, Jr. and Mr. Wade has appealed, assigning the following errors:
I. The chancery court erred in granting a decree of separate maintenance since no hearing was conducted and no evidence adduced to support the bill of complaint.
*585 II. The chancery court erred in granting a decree for separate maintenance since the action is barred by the doctrine of laches'.
III. The chancery court erred in failing to dismiss this cause as a stale case under Mississippi Code Annotated § 11-53-25 (1972) and Rule 16 of the Uniform Chancery. Court Rules.
The parties were married April 8, 1945. They separated in May, 1971, and on June 22, 1971, appellee filed a bill of separate maintenance on the ground of habitual cruel and inhuman treatment. After being processed, appellant filed a sworn answer to the bill of complaint on February 18, 1972, and denied the averments for separate maintenance. The case was set for trial March 6,1972, but was continued by agreement of the attorneys then representing the parties.
The record does not reflect any action relating to the case until October 13,1981, a period in excess of nine (9) years, when the cause was set for trial November 5,1981, on the oral motion of appellee’s attorney. It is unclear as to what occurred on the trial date except that neither the appellant nor his attorney appeared. Appellant resides in Hinds County.
The lower court entered a decree for separate maintenance on that date, which recited that the cause came on for hearing upon the original bill for separate maintenance and the court, being fully advised in the premises, found that the appellee was entitled to, and was granted, separate maintenance on the ground of habitual cruel and inhuman treatment. She was awarded sole use and possession of the home of the parties in Hollandale, Mississippi, and appellant was ordered to pay unto appellee the sum of two hundred dollars ($200.00) per month alimony, and an attorney’s fee of seven hundred fifty dollars ($750.00). The decree did not recite that the cause was heard on bill of complaint, and answer to said bill, or that the court considered oral and documentary evidence.
I.
The appellant contends that the lower court erred in entering the decree for separate maintenance because no hearing was conducted and no evidence was adduced in support of the bill of complaint.
After the decree was entered, the appellant began to perfect an appeal from the decree and notified the court reporter to transcribe her notes taken at the hearing. The record reflects that, in response to such notice, the court reporter wrote appellant’s attorney “No testimony having been given in this matter, be advised that no record was, made.”
The appellee argues that when a decree has been entered, a presumption arises that sufficient evidence was heard to sustain the decree and cites seven (7) cases for support of same. Such a contention is correct where (1) motions are involved and (2) evidence has been adduced in the lower court, but, for some reason, there is no transcript filed in this court. The cases cited by appellee are not in point on this question.
The principle is the same where (1) issue has been joined in the pleadings, and (2) a case has been litigated with proof adduced. The burden is upon the complainant to prove his case by competent evidence. King v. King, 246 Miss. 798, 799, 152 So.2d 889 (1963). That burden was not met in the present case, since the record affirmatively shows that no evidence was presented to the lower court.
We are of the opinion that, from the record here, particularly where there is no finding that the matter was heard on proof, the lower court erred in entering the decree, and the case is reversed and remanded for a new trial.
II.-III.
The appellant also contends that the relief granted in the decree is barred by the doctrine of laches and that the lower court erred in failing to dismiss the cause as stale under Mississippi Code Annotated § 11-53-25 (1972) and Rule 16, Uniform Chancery Court Rules.
*586 Those questions were not raised in the lower court and we do not address them on this appeal.
REVERSED AND REMANDED.
PATTERSON, C. J., SUGG and WALKER, P. JJ., and BROOM, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.