493 So.2d 947 (1986)
Gene D. VINSON, et al
v.
Faye V. JOHNSON, et al.
No. 56344.
Supreme Court of Mississippi.
August 20, 1986.
Rehearing Denied September 24, 1986.
H. Gerald Hosemann, Harper & Hosemann, Vicksburg, for appellants.
Jack G. Moss, Raymond, for appellees.
Before HAWKINS, P.J., and DAN M. LEE and ANDERSON, JJ.
HAWKINS, Presiding Justice, for the Court:
Gene D. Vinson (Vinson) appeals from a decree of the chancery court of the Second Judicial District of Hinds County confirming a partition in kind of realty in which he owned an undivided one-fifth interest in fee.
Once again we have complaints in an appellant's brief of errors committed in the trial court, when the aggrieved party has nothing in the record to support his contentions. Once again we must tell attorneys that we do not consider alleged errors which have no support in the record.
Vinson alleges the chancellor denied him the opportunity to testify, to cross-examine witnesses, and that the property should have been sold rather than divided. Finding the record as clean as a hound's tooth on all his assignments, we affirm.

*948 FACTS
Vinson, as one of the five heirs-at-law of intestate Walter M. Vinson, was also one of the defendants in a partition action filed by other heirs to approximately 170 acres of realty in Hinds County.
Vinson, a resident of Chicago, filed an answer in which he alleged affirmatively that the property could not be divided in kind because of a four-bedroom brick dwelling and lake were situated on the land, and that the realty should be sold. It would appear that some attorney drafted Vinson's answer, but the record is silent as to whether an attorney ever represented Vinson beyond this.
On the 18th day of October, 1984, the chancery court entered a final decree ordering a partition in kind. The decree appointed three commissioners and directed that they file their report no later than January 15, 1985; and that the report would come on for confirmation for the chancellor in vacation on January 30, 1985, at 9:00 a.m. The commissioners partited the land in kind and filed their report on January 15, 1985.
No objections or exceptions to the report were filed by Vinson or anyone else. On January 30, 1985, the chancellor entered a final decree confirming the commissioners' report.
The record does not reflect whether any evidence was taken either when the decree for partition or the confirmation decree was entered.
On appeal Vinson assigned two errors, complaining first that the chancellor entered a partition decree without giving him an opportunity to cross-examine witnesses, or to present witnesses in his own behalf, and without taking any testimony whatever. Vinson further asserted that the lower court erred in entering the confirmation decree when one of the other tenants in common was especially favored in the partition, and the commissioners had failed to follow all the technical requirements of Miss. Code Ann. (1972) § 11-21-21. He additionally claims in his rebuttal brief that he was denied to make a record when the confirmation decree was entered.

LAW
The record in this case shows the plaintiffs filed a complaint for partition in accordance with Miss. Code Ann. (1972) §§ 11-21-3 and 11-21-5. Process was had on Vinson, and he filed an answer signed by himself and notarized. The title was not controverted.
The chancery court entered a decree for partition in kind in accordance with Miss. Code Ann. (Supp. 1984) §§ 11-21-11 and 11-21-15. Miss. Code Ann. (Supp. 1984) § 11-21-11 provides that a sale should never be ordered in the absence of the petition alleging and proof showing either that a sale will better promote the interests of the parties, or a division in kind could not be made. We have consistently held the same. Mathis v. Quick, 271 So.2d 924 (Miss. 1973); Dailey v. Houston, 246 Miss. 667, 151 So.2d 919 (1963); Dantone v. Dantone, 205 Miss. 420, 38 So.2d 908 (1949); Smith v. Stansel, 93 Miss. 69, 46 So. 538 (1908). We have also held that a tenant in common seeking a partition by sale has the burden of proving his case and comes under the prerequisite statutory provision for ordering a sale as opposed to a division in kind. Bailey v. Vaughn, 375 So.2d 1054 (Miss. 1979); Dailey v. Houston, supra; Hogue v. Armstrong, 159 Miss. 875, 132 So. 446 (1931); Hilbun v. Hilbun, 134 Miss. 235, 98 So. 593 (1924).
There is nothing in the record which suggests the chancery court failed to strictly follow the partition statutes and acted with full authority in ordering the partition in kind.
The record also shows the commissioners strictly complied with Miss. Code Ann. (1972) § 11-21-17, 11-21-19, 11-21-21, and 11-21-25 in making the division and reporting it to the court.
It should also be noted that Miss. Code Ann. (1972) § 11-5-107 was complied with. This statute is not in the partition chapter of the Code, but requires, inter alia, that a report of commissioners must be filed in *949 court at least five days prior to the confirmation.
Miss. Code Ann. (1972) § 11-21-25 provides that the commissioners' report "on exceptions filed at any time before its confirmation, for good cause shown may be set aside by the court."
The statute requires that the commissioners' report be on file in the chancery clerk's office at least five days before the confirmation decree. In this case it was on file ten days. Beginning October 18, 1984, Vinson knew when the commissioners' report would be filed, and when it would be presented to the chancellor for approval. He had ten days within which to file some exception as he now belatedly attempts on appeal. The statute specifically requires that exceptions be filed and in writing prior to the confirmation decree.
The record does not show Vinson filing any exception whatever to the report.
The record finally shows that on January 30, 1985, precisely at the time and place set out in the October 18, 1984, decree, the chancellor entered his final confirmation decree confirming the sale as he was fully authorized to do under Miss. Code Ann. (1972) § 11-21-35.
There is nothing in this record to suggest anything other than a scrupulous adherence by the chancery court and the chancellor in vacation to our laws as to the subject matter jurisdiction of the parties and the partition statutes.
On appeal Vinson claims he was treated unfairly in that another heir got a bigger piece of the pie, and he was denied an opportunity to testify and cross-examine the commissioners. Vinson further contends that the land should have been sold in the first place.
Aside from Vinson's failure to adhere to the aforementioned statutory prerequisites of Miss. Code Ann. (Supp. 1984) § 11-21-11, Vinson also ignores the principle universally applied by appellate courts that in the absence of anything appearing in the record to the contrary, a judgment of court of competent jurisdiction imports verity, and is presumed valid. In the absence of anything in the record appearing to the contrary, this Court will presume the trial court acted properly, and if evidence was necessary, that court heard sufficient evidence to support the judgment. See: Fontaine v. Pickle, 254 So.2d 769 (Miss. 1971); Walker v. Jones County Community Hospital, 253 So.2d 385 (Miss. 1971); Harvey v. Dunaway Bros., 232 Miss. 89, 98 So.2d 143 (1957).
In Wade v. Wade, 419 So.2d 584 (Miss. 1982), we did reverse a case in which there was no transcript, but the record affirmatively revealed a failure on the part of the trial court to hold any hearing on a matter which required proof before a valid decree could be entered. In that case a wife filed a bill in 1971 against her husband for separate support and maintenance, which he answered. The case was set for trial in March, 1971, at which time the cause was continued. Nine years later an order was entered setting the case for trial November 5, 1981. On that date a decree was entered awarding the wife the house of the parties, support money and attorney's fees. The decree failed to recite that it was heard on bill and answer or that the court considered oral or documentary evidence. Neither the husband (who lived in another part of the state) nor his attorney appeared.
Counsel for the husband gave the statutory notice of appeal to the court reporter, who replied: "No testimony having been given in this matter, be advised no record was made." Id. at 585. Thus, it appeared positively in the record that no proof was had prior to entry of the decree. Because the burden of proof was upon the wife to make her case, and the court reporter responded in the record there was no evidence adduced prior to the entry of the decree, and there was nothing in the final decree reciting proof was heard, we reversed and remanded the case.
On this appeal Vinson tells us he was denied the opportunity to cross-examine the witnesses and to testify. He does *950 not tell us how. Did he appear before the chancery court and make himself known and request to be heard? Did the court ignore him, or refuse to hear him? He does not tell us, but regardless of what he is attempting on this appeal to allege occurred, it does not matter, because there is nothing in the record to support any such contention. If he thought he was being mistreated in some manner by the trial court, it was incumbent upon him in some manner to see that it was in the appeal record. This Court simply refuses to review any allegation of error which is unsupported by the record. We have stated this upon innumerable occasions.
Generally a court reporter is available there in court for a party to see that a proper record is made. In the event there is no court reporter, or the court reporter fails to make a proper record, or accurate record, the party can prepare a bill of exceptions. See: Willenbrock v. Wright, 239 So.2d 922 (Miss. 1970); State ex. rel. Patterson v. Autry, 236 Miss. 316, 110 So.2d 377 (1959); Tri-State Tr. Co. v. M. & O. Transp. Co., 191 Miss. 364, 378, 2 So.2d 845 (1941). No bill of exceptions was made in this case.
What we have said in this opinion about the necessity of making a record of any alleged error is a belabored repeat of the obvious. Because attorneys continue to allege in briefs facts on which a record is blank, we are constrained to once again make the point. If something happens in a trial court about which a party feels aggrieved, he will not be allowed to complain of it on appeal unless he gets it in the record.
The record failing to reflect any error whatever, this cause is affirmed.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE, P.J., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.