# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00811-COA

**JOHN EUBANKS**                                                                            **APPELLANT**

**v.**

**KIM WADE D/B/A KIM WADE REAL ESTATE**                               **APPELLEE**

DATE OF JUDGMENT:                    04/06/2015
TRIAL JUDGE:                              HON. WINSTON L. KIDD
COURT FROM WHICH APPEALED:    HINDS COUNTY CIRCUIT COURT,
                                             FIRST JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT:          RENEE M. PORTER
ATTORNEYS FOR APPELLEE:          JOE S. DEATON III
                                             JOHN RICHARD MAY JR.
                                             DAVID FORD BERRY IV
NATURE OF THE CASE:                  CIVIL - CONTRACT
TRIAL COURT DISPOSITION:          MOTION TO DISMISS GRANTED WITH
                                             PREJUDICE
DISPOSITION:                             REVERSED AND REMANDED - 05/16/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

GRIFFIS, P.J., FOR THE COURT:

¶1.     This appeal considers whether the trial court properly granted a motion to dismiss. Finding reversible error, we reverse the Hinds Count Circuit Court's judgment and remand for further proceedings consistent with this opinion.

¶2.     In July 2009, John Eubanks and Kim Wade entered into an "exclusive authorization and right to sell listing agreement." Eubanks authorized Wade to sell Eubanks's real property and residence for a commission. Wade represented himself to Eubanks as a broker, agent, and member of the Jackson Mississippi Association of Realtors. Wade informed

Eubanks that he would list Eubanks's property online via the Multiple Listing Service ("MLS").

¶3. In September 2009, Wade found a buyer who executed an offer to purchase Eubanks's property. Wade presented the buyer's offer to Eubanks with a contract accepting the buyer's offer. Eubanks noticed the "as is" provision was stricken and initialed by the buyer. Wade admitted he added the "as is" provision to the contract, but the buyer refused to agree to such a provision. Eubanks acknowledged he and Wade never discussed a warranty provision, and there was no mention of the warranty provision in their contract.

¶4. The buyer's mortgage application was denied by a lending institution and the closing scheduled for the next day was cancelled. Eubanks claims that he made numerous attempts to contact Wade. The "for sale" signs were removed from Eubanks's property. In November 2009, Eubanks contends that the sale listing on MLS was removed without his knowledge or consent. He later learned that his property was listed on the MLS website with multiple inaccuracies. Eubanks also discovered that Melissa Reese, a woman with whom he had never met, was named in the listing as the agent. Further, Eubanks contends that these actions indicated that the agreement he had with Wade had expired.

¶5. In November 2009, Eubanks contacted the potential buyer. Eubanks and the buyer entered into a lease/purchase agreement in which the buyer agreed to lease the property from November 2009 through March 2010, with a balloon payment for the balance payable March 2010. Wade removed the lock box from the residence, but refused to return the keys to Eubanks.

¶6. Wade contacted Eubanks and threatened to put a lien against the property for his commission in the amount of $5,137.50, preventing the ultimate sale of the home in March 2010. Eubanks refused to execute an extension of the original listing agreement, and Wade placed a lien against Eubanks's property in this amount.

¶7. Eubanks filed a claim against Wade with the Mississippi Real Estate Commission. Then, Wade informed Eubanks that he would release the lien if Eubanks dismissed the complaint filed with the Commission. Eubanks asserts that he entered this agreement with Wade under duress. Regardless, in March 2010, Eubanks and Wade executed a "release and cancellation of lien." As a result, Eubanks and the buyer closed on the sale of the property shortly thereafter. However, after the closing, no money was exchanged and Wade renewed his lien. Eubanks also renewed his claim with the Commission.

¶8. The Commission found that Wade committed several violations. The Commission executed an order in July 2010 that stated that Wade was not a participant in MLS or the Jackson Association of Realtors at the time Eubanks's property was listed. The Commission further found clear and convincing evidence that Wade violated the Mississippi Real Estate Broker License Act, codified at Mississippi Code Annotated section 73-35-2l(l)(a) (Rev. 2012), and the Commission's rules and regulations. Wade was sanctioned and censured.

¶9. On July 2, 2010, Wade filed a complaint against Eubanks in the circuit court. The complaint alleged that Eubanks breached their agreement for the sale of Eubanks's property. Apparently, no answer was filed. On December 29, 2010, the circuit judge entered a default judgment against Eubanks. This action was pending before a different circuit judge.

3

Eubanks claimed that he was never served with the complaint and filed a motion to set aside the default judgment, which was still pending when the judgment was entered in this action. As part of the motion to set aside the default judgment, Eubanks also claims that the circuit court did not conduct a hearing on damages after the default was entered.

¶10. In August 2011, Eubanks filed a lawsuit against Wade and Melissa Reese in the circuit court. In the complaint, Eubanks alleged that Wade committed negligence, gross negligence, extortion, fraud, breach of fiduciary duty, acting without authority, failure to communicate, and substantial misrepresentations in the sale of his property. Wade filed an answer and raised several affirmative defenses. However, the answer did not mention the default judgment against Eubanks.

¶11. In 2013, Wade filed a motion to dismiss Eubanks's lawsuit. The motion argued that the circuit court should dismiss the complaint based on a theory of res judicata, because he received a default judgment against Eubanks in 2010. Eubanks filed a response and a hearing was set on December 19, 2013. The hearing was continued and it was reset for a telephonic conference on January 13, 2014.

¶12. On April 6, 2015, the circuit court entered an order granting Wade's motion to dismiss with prejudice. It is from this order that Eubanks now appeals.

ANALYSIS

¶13. Eubanks argues two issues in this appeal. In each issue, Eubanks asks this Court to vacate the April 6, 2015 order granting Wade's motion to dismiss. In this order, the circuit court ruled:

THERE CAME ON FOR HEARING on the Motion of Defendant, Kim Wade d/b/a Kim Wade Real Estate, to dismiss the above-styled and numbered cause, and the Court, after hearing oral arguments and being fully advised in the premises and, after having fully considered said motion, finds that said motion is well-taken and should be and is hereby granted.

IT IS, THEREFORE, ORDERED AND ADJUDGED that the above-styled and numbered cause be and hereby is dismissed with prejudice as to any and all claims of the Plaintiff, John Eubanks, against Defendant, Kim Wade d/b/a Kim Wade Real Estate.

¶14. Eubanks contends the circuit court erred in entering this order. Eubanks correctly states that the order was silent as to the specific grounds for the dismissal. Eubanks argues that the circuit court was in error to rely on a matter outside of the complaint to grant the dismissal and could only do this if the motion to dismiss was converted to a motion for summary judgment. From the order, we see no reason to conclude that the circuit court converted the motion to dismiss to a motion for summary judgment. As a result, we do not review this appeal on the summary judgment standard, but instead review this case on the standard of review for a motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6).

¶15. The standard of review following a circuit court's dismissal for failure to state a claim is as follows:

In an appeal of a dismissal of a case under Rule 12(b)(6), we apply a de novo standard of review. This Court is not required to defer to the trial court's judgment or ruling. A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. The allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim.

5

*Breeden v. Buchanan*, 164 So. 3d 1057, 1060-61 (¶13) (Miss. Ct. App. 2015) (internal citations and quotation marks omitted).

¶16. Based on our review of the complaint, the amended complaint, and the motion to dismiss, it is clear that Wade's motion to dismiss did not attack the legal sufficiency of the individual claims pled in the complaint. Instead, the motion to dismiss asserts that "[a]ll of Eubanks'[s] claims against Wade are barred by the doctrine of res judicata," and it is based on the preclusive effect of "the December 28, 2010 default judgment entered against Eubanks." A copy of the judgment was attached to the motion to dismiss.

¶17. The Mississippi Supreme Court has offered us guidance on this issue. In *Wholey v. Cal-Maine Foods Inc.*, 530 So. 2d 136, 138-39 (Miss. 1988), the court said:

> In *Glass v. Armstrong*, 330 So. 2d 57[, 58] (Fla. [Dist. Ct.] App. 1976), it was held that a trial court is not authorized to take judicial notice of cases pending or previously disposed of in the same court but outside the record in the case before it. Further, the *Glass* case held that res judicata may not be first raised on a motion to dismiss, as in the present case, for the reason that res judicata is an affirmative defense requiring both pleading and proof. Res judicata is an affirmative defense which may not be raised on motion to dismiss unless allegations of a prior pleading in the case demonstrates its existence.

(Citations omitted).

¶18. Eubanks argues that it was improper for the circuit court to convert the motion to dismss to a summary judgment without giving notice. In *Sullivan v. Tullos*, 19 So. 3d 1271, 1273 (¶¶5-6) (Miss. 2009), the court considered the following:

> The various defendants subsequently filed a motion to dismiss under . . . Rule 12(b)(6) without answering the heirs' complaint. On November 3, 2006, the court held a hearing on the Rule 12(b)(6) motion filed by the defendants. During the hearing, the heirs introduced copies of the checks that Tullos had tendered to them as payment for the land sold to Pittman. The defendants

6

introduced an appraisal from the time of the sale showing the value of the land to be $500 per acre. Thereafter, during the hearing on the motion to dismiss, the court transformed the Rule 12(b)(6) motion into a motion for summary judgment under Rule 56 [of the Mississippi Rules of Civil Procedure], without ordering a continuance to allow the heirs a reasonable time to present evidence necessary for the proper adjudication of their claims as is required under the rule.

. . . .

Subsequently, on November 30, the trial court entered a memorandum opinion, finding that summary judgment should be granted to the defendants. An order granting summary judgment was then entered on February 9, 2007.

¶19. In *Sullivan*, it was clear that the circuit court decided to convert the motion to dismiss to a motion for summary judgment. *Id*. at (¶5). Here, there is no indication that the circuit court considered this matter as a summary judgment. For that reason, we believe this matter must be considered only as a motion to dismiss under Rule 12(b)(6).

¶20. We find that *Wholey* correctly states the law and explains how a Rule 12(b)(6) motion to dismiss should be considered. We recognize that Wade has raised an important and possibly valid affirmative defense. However, the prior judgment that Wade previously obtained against Eubanks is a matter outside the complaint that should not be considered in a motion to dismiss. For this reason, we find that the trial court committed reversible error when it granted the motion to dismiss, and the case must be remanded to the circuit court.

¶21. **THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY MISSISSIPPI, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.**

**BARNES, ISHEE, FAIR, WILSON AND GREEENLEE, JJ., CONCUR. WESTBROOKS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING, P.J., AND CARLTON, J. LEE, C.J., CONCURS IN**

7

**RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

**WESTBROOKS, J., SPECIALLY CONCURRING:**

¶22. I concur with the majority's result that the judgment of the circuit court should be reversed and remanded; however, I write separately, because in my opinion, the majority fails to address Eubanks's ultimate issues on appeal.

**I.     Whether there was a hearing on Wade's motion to dismiss.**

¶23. The majority briefly mentions a hearing regarding the motion to dismiss; however, it does not conduct an analysis regarding whether such hearing actually occurred. It is important to address this issue on appeal, because during oral arguments before this Court, Eubanks maintained that the circuit court never held a hearing on Wade's motion to dismiss. Eubanks maintains that there was a telephonic conference; however, he asserts that there was no formal hearing.

¶24. The trial court issued an order granting Wade's motion to dismiss, but the appellate record contains no transcript. The Mississippi Supreme Court has previously held that "in the absence of anything appearing in the record to the contrary, a judgment of [a] court of competent jurisdiction imports verity, and is presumed valid." *Vinson v. Johnson*, 493 So. 2d 947, 949 (Miss. 1986).[1]  "In the absence of anything in the record appearing to the contrary, [an appellant c]ourt will presume the trial court acted properly, and if evidence was

---

[1] In *Vinson*, 493 So. 2d at 947, "Gene D. Vinson . . . appeal[ed] from a decree of the chancery court of the Second Judicial District of Hinds County confirming a partition in kind of realty in which he owned an undivided one-fifth interest in fee." The supreme court held, "If something happens in a trial court about which a party feels aggrieved, he will not be allowed to complain of it on appeal unless he gets it in the record." *Id.* at 950.

necessary, that court heard sufficient evidence to support the judgment." *Id.*(citations omitted). "In *Wade v. Wade,* 419 So. 2d 584[, 585] (Miss. 1982)*,* [the supreme court] reverse[d] a case in which there was no transcript, but the record affirmatively revealed a failure on the part of the trial court to hold any hearing on a matter which required proof before a valid decree could be entered." *Vinson*, 493 So. 2d at 949 (emphasis omitted).[2]

¶25. Therefore, I would address this issue, although it is not dispositive of the appeal. In this case, both parties stipulate that they participated in some form of a telephonic conference or hearing, and the record contains a signed order that references a telephonic hearing on this matter.

## II. Whether the trial court erred in converting Wade's motion to dismiss to a motion for summary judgment.

¶26. The majority sees no reason to conclude that the circuit court converted the motion to dismiss to a motion for summary judgment. As a result, the majority reviews this appeal on the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). If the question presented before this Court was whether a trial court could grant a motion to dismiss based on a claim of res judicata, then the analysis would stop there. However, the issues are whether the trial court converted Wade's motion to a motion for summary judgment, and whether Eubanks received notice of the conversion.

---

[2] In *Wade*, 419 So. 2d at 585, a wife filed a complaint in 1971 against her husband for separate support and maintenance, which he answered. "The case was set for trial [in] March[] 1972, at which time the cause was continued." *Vinson*, 493 So. 2d at 949. "Nine years later an order was entered setting the case for trial November 5, 1981." *Id*. "On that date, a decree was entered awarding the wife the house of the parties, support money and attorney's fees." *Id*. "The decree failed to recite that it was heard on bill and answer or that the court considered oral or documentary evidence." *Id*.

¶27. The majority cites *Wholey v. Cal-Maine Foods Inc.*, 520 So. 2d 136, 138-39 (Miss. 1988), as the correct statement of law explaining how a Rule 12(b)(6) motion should be treated, and finds no indication that the circuit court considered this matter as a summary judgment motion. However, I do not agree that *Wholey* governs this case. Wade asserted "res judicata" in his prayer for relief before the circuit court, and absent a transcript, that is how the circuit court appeared to have rendered its decision. However, absent a transcript, it is reasonable to conclude that the circuit court converted Wade's motion to one for summary judgment.

¶28. "In reviewing a lower court's grant of summary judgment, this Court employs a de novo standard of review." *Thomas v. Jones*, 23 So. 3d 575, 577 (¶7) (Miss. Ct. App. 2009). Furthermore, "[a] decision on appeal should be limited to a consideration of and ruling upon those issues necessary to a proper disposition of the appeal." *Foster v. State*, 639 So. 2d 1263, 1295 (Miss. 1994). Therefore, when an appeal is brought before this Court, this Court should properly address the issue presented before it.

¶29. In *Delta MK LLC v. Mississippi Transportation Commission*, 57 So. 3d 1284, 1289 (Miss. 2011) (¶13), the supreme court stated:

> Whenever a trial judge converts a Rule 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside of the pleadings, the judge must give all parties ten days' notice that he is converting the motion. Regardless of how baseless a plaintiff's claim appears to the trial court, our rules require that she be given 10 days' notice once a motion to dismiss is converted into a motion for summary judgment.

(Internal citation, quotation marks and emphasis omitted).

¶30. Eubanks argues Wade's motion to dismiss was converted to a motion for summary

10

judgment, and he was not given proper notice of the conversion. Eubanks was given notice that Wade filed a motion to dismiss under Rule 12(b)(6); however, there is no evidence that he was given ten days' notice that the motion to dismiss was to be treated as a motion for summary judgment as required by Rule 56(c). The record is without a transcript and silent on the court's intent. The basis for granting the motion was the default judgment that was outside the pleadings and was extrinsic evidence. "A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Breeden v. Buchanan*, 164 So. 3d 1057, 1066 (¶42) (Miss. Ct. App. 2015) (citation omitted), *cert. denied*, 160 So. 3d 704 (Miss. 2015). "The allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim." *Id*. (citation omitted). When matters outside the record are considered, a motion to dismiss is converted to a motion for summary judgment and the notice requirements apply.

¶31. Further, "[the supreme court] specifically noted . . . that no matter how baseless the claim may appear to be, the Mississippi Rules of Civil Procedure require that respondents to a converted summary-judgment motion be given 10 days' notice once a motion to dismiss is converted to a motion for summary judgment." *Sullivan v. Tullos*, 19 So. 3d 1271, 1275-76 (¶18) (Miss. 2009) (citing *Jones v. Regency Toyota Inc.*, 798 So. 2d 474, 476 (¶9) (Miss. 2001) (quotation marks omitted)).

¶32. In *Sullivan*, the trial judge converted the defendants' motion to dismiss into a summary-judgment motion, because two exhibits were admitted into evidence during the

11

hearing on the motion to dismiss. *Id.* at 1275 (¶16). The majority argues that in *Sullivan*, it was clear that the circuit court decided to convert the motion to dismiss to a motion for summary judgment. The case was dismissed with prejudice, so it is not beyond reason to opine that the trial judge converted the motion to a motion for summary judgment and ruled on it as such.

¶33. Therefore, I would find that the circuit court's consideration of extrinsic evidence went beyond the scope of Rule 12 and, therefore, Eubanks did not receive the required ten days' notice of the conversion of the motion to dismiss to a motion for summary judgment. Accordingly, I agree to reverse the judgment of the circuit court and remand for further proceedings.

**IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION.**