WESTBROOKS, J.,
SPECIALLY CONCURRING:
¶ 22. I concur with the majority’s result that the judgment of the-circuit court should be reversed and remanded; however, I write separately, because in my opinion, the majority, fails to address Eu-banks’s ultimate issues on appeal.
I. Whether there was a hearing on Wade’s motion to dismiss.
¶23. The majority briefly mentions a hearing regarding the motion to dismiss; however, it does not conduct an analysis regarding whether such hearing actually occurred. It is important to address this issue on appeal, because during oral arguments before this Court, Eubanks maintained that the circuit court never held a hearing on Wade’s motion to dismiss. Eu-banks maintains that .there was a telephonic conference; however, he asserts that there was no formal hearing.
¶24. The trial court issued an-order granting Wade’s motion to dismiss, but the appellate record contains no transcript. The Mississippi Supreme Court has previously held that “in the absence of anything appearing in the record to the contrary, a judgment of [a] court of competent jurisdiction imports verity, and is presumed valid.” Vinson v. Johnson, 493 So.2d 947, *252 949 (Miss. 1986).[1] “In the absence of anything in the record appearing to the contrary, [an appellant c]ourt will presume the trial court acted properly, and if evidence was necessary, that court heard sufficient evidence to support the judgment.” Id. (citations omitted). “In Wade v. Wade, 419 So.2d 584 [, 585] (Miss. 1982), [the supreme court] reverse[d] a case in which there was no transcript, but the record affirmatively revealed a failure on the part of the trial court to hold any hearing on a matter which required proof before a valid decree could be entered.” Vinson, 493 So.2d at 949 (emphasis omitted).[2]
¶25. Therefore, I would address this issue, although it is not dispositive of the appeal. In this case, both parties stipulate that they participated in some form of a telephonic conference or hearing, and the record contains a signed order that references a telephonic hearing on this matter.
II. Whether the trial court erred in converting Wade’s motion to dismiss to a motion for summary judgment.
¶26. The majority sees no reason to conclude that the circuit court converted the motion to dismiss to a motion for summary judgment. As a result, the majority reviews this appeal on the standard of review for a motion to dismiss pursuant to Rule 12(b)(6). If the question presented before this Court was whether a trial court could grant a motion to dismiss based on a claim of res judicata, then the analysis would stop there: However, the issues are whether the trial court converted Wade’s motion to a motion for summary judgment, and whether Eubanks received notice of the conversion.
¶ 27. The majority cites Whaley v. Cal-Maine Foods Inc., 530 So.2d 136, 138-39 (Miss. 1988), as the correct statement of law explaining how a Rule 12(b)(6) motion should be treated, and finds no indication that the circuit court considered this matter as a summary judgment motion. However, I do not agree that Wholey governs this case. Wade asserted “res judicata” in his prayer for relief before the circuit court, and absent a transcript, that is how the circuit court appeared to have rendered its decision. However, absent a transcript, it is reasonable to conclude that the circuit court converted Wade’s motion to one for summary judgment.
¶ 28. “In reviewing a lower court’s grant of summary judgment, this Court employs a de novo standard of review.” Thomas v. Jones, 23 So.3d 575, 577 (¶ 7) (Miss. Ct. App. 2009). Furthermore, “[a] decision on appeal should be limited to a consideration of and ruling upon those issues necessary to a proper disposition of the appeal.” Foster v. State, 639 So.2d 1263, 1295 (Miss. 1994). Therefore, when an appeal is *253 brought before this Court, this Court should properly address the issue presented before it.
¶ 29. In Delta MK LLC v. Mississippi Transportation Commission, 57 So.3d 1284, 1289 (Miss. 2011) (¶ 13), the supreme court stated:
Whenever a trial judge converts a Rule 12(b)(6) motion to dismiss into one for summary judgment by considering matters outside of the pleadings, the judge must give all parties ten days’ notice that he is converting the motion. Regardless of how baseless a plaintiffs claim appears to the trial court, our rules require that she be given 10 days’ notice once a motion to dismiss is converted into a motion for summary judgment.
(Internal citation, quotation marks and emphasis omitted).
¶ 30. Eubanks argues Wade’s motion to dismiss was converted to a motion for summary judgment, and he was not given proper notice of the conversion. Eubanks was given notice that Wade filed a motion to dismiss under Rule 12(b)(6); however, there is no evidence that he was given ten days’ notice that the motion to dismiss was to be treated as a motion for summary judgment as required by Rule 56(c). The record is without a transcript and silent on the court’s intent. The basis for granting the motion was the default judgment that was outside the pleadings and was extrinsic evidence. “A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint.” Breeden v. Buchanan, 164 So.3d 1057, 1066 (¶ 42) (Miss. Ct. App. 2015) (citation omitted), cert. denied, 160 So.3d 704 (Miss. 2015). “The allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim.” Id. (citation omitted). When matters outside the record are considered, a motion to dismiss is converted to a motion for summary judgment and the notice requirements apply.
¶ 31. Further, “[the supreme court] specifically noted ... that no matter how baseless the claim may appear to be, the Mississippi Rules of Civil Procedure require that respondents to a converted summary-judgment motion be given 10 days’ notice once a motion to dismiss is converted to a motion for summary judgment.” Sullivan v. Tullos, 19 So.3d 1271, 1275-76 (¶ 18) (Miss. 2009) (citing Jones v. Regency Toyota Inc., 798 So.2d 474, 476 (¶ 9) (Miss. 2001) (quotation marks omitted)).
¶32. In Sullivan, the trial judge converted the defendants’ motion to dismiss into a summary-judgment motion, because two exhibits were admitted into evidence during the hearing on the motion to dismiss. Id. at 1275 (¶ 16). The majority argues that in Sullivan, it was clear that the circuit court decided to convert the motion to dismiss to a motion for summary judgment. The case was dismissed with prejudice, so it is not beyond reason to opine that the trial judge converted the motion to a motion for summary judgment and ruled on it as such.
¶ 33. Therefore, I would find that the circuit court’s consideration of extrinsic evidence went beyond the scope of Rule 12 and, therefore, Eubanks did not receive the required ten days’ notice of the conversion of the motion to dismiss to a motion for summary judgment. Accordingly, I agree to reverse the judgment of the circuit court and remand for further proceedings.
IRVING, P.J., AND CARLTON, J., JOIN THIS OPINION.

. In Vinson, 493 So.2d at 947, "Gene D. Vinson ... appealed] from a decree of the chancery court of the Second Judicial District of Hinds County confirming a partition in kind of realty in which he owned an undivided one-fifth interest in fee.” The supreme court held, "If something happens in a trial court about which a party feels aggrieved, he will not be allowed to complain of it on appeal unless he gets it in the record.” Id. at 950.

. In Wade, 419 So.2d at 585, a wife filed a complaint in 1971 against her husband for separate support and maintenance, which he answered. "The case was set for trial [in] March[] 1972, at which time the cause was continued." Vinson, 493 So.2d at 949. "Nine years later an order was entered setting the case for trial November 5, 1981.” Id. "On that date, a decree was entered awarding the wife the house of the parties, support money and attorney’s fees.” Id. "The decree failed to recite that it was heard on bill and answer or that the court considered oral or documentary evidence.” Id.